State *v.* Matthews.

THE STATE, Respondent, *vs.* MATTHEWS, Appellant.

1. A judgment of conviction in a criminal case cannot be sustained, where the record does not show that the defendant was ever in court until after verdict.
2. A party taking property under the direction of another, to whom he believed it to belong, is not guilty of larceny.
3. It is the duty of the court to instruct the jury in a criminal case. If the instructions asked are objectionable in their phraseology, the court should not neglect to give such as the law of the case requires.
4. Altering the mark of an animal is not larceny under the statute, unless done with the intention to steal or convert.

*Appeal from Crawford Circuit Court.*

Indictment for hog stealing. The indictment contained three counts.

The first count charged that the defendant, on, &c., with, &c., at, &c., " one hog of the value of five dollars, the personal property of Eli Wilson and Wm. Halliburton, then and there being found, then and there feloniously did steal, take and carry away, contrary to the form of the statute in such cases made and provided."

The second count charged that the defendant, on, &c., with, &c., at, &c., " one hog of the value of five dollars, of the personal property of Eli Wilson and Wm. Halliburton, then and there being found, did then and there unlawfully and feloniously mark, with intent then and there to steal and carry away, and convert the same to his own use." (R. C. 1845, p. 360, §38.)

The third count charged that the defendant on, &c., at, &c., " did then and there feloniously alter the ear marks of a hog of the value of two dollars, then and there being an animal, the subject of grand larceny, then and there being the property of Eli Wilson and Wm. Halliburton, then and there being found, with intent," &c. (R. C. 1845, p. 360, §38.)

The record did not show any plea by the defendant, nor that he was arraigned upon the indictment.

The bill of exceptions showed that, at the trial, there was evidence tending to prove that Wilson and Halliburton had some hogs running in the woods, and that defendant caught one of them, carried it away, cut off its ears, and put his own mark upon it.

The defendant offered to show that he was at that time in the employ of Hoss, that he took the hog by the direction of Hoss, and that Hoss claimed the hog before and afterwards. This evidence was excluded, and defendant excepted.

Wilson, a witness for the State, testified that Hoss had said "it was a lie if defendant or any other man said that he had sent defendant into the woods to catch hogs for him." The defendant excepted to the admission of this evidence.

The defendant asked several instructions, all of which were refused, and he excepted. The first asserted that the jury could not convict the defendant unless they believed that he "wilfully altered the mark of the hog, with intent to steal, or convert the same to his own use." No instructions whatever were given. There was a verdict of "guilty." The defendant was afterwards brought into court in custody of the sheriff and sentenced.

After a motion for new trial overrruled, he appealed.

*C. Jones* and *J. R. Arnold,* for appellant.

*H. A. Clover,* for the State.

RYLAND, Judge, delivered the opinion of the court.

1. The record of the proceedings of the Circuit Court in this case shows that the trial was had, and the defendant found guilty of grand larceny, without his having ever pleaded to the indictment or been arraigned in court. Indeed, no issue was presented for trial by the record, as certified to this court. The first time the defendant is mentioned as being in court is after the verdict of guilty has been rendered by the jury. He then is brought up in the custody of the sheriff to hear his sentence. There is such manifest error in the proceedings below, apparent

State *v.* Matthews.

on the record, that the judgment cannot be sustained. It will be reversed and remanded.

2. As the case may be again tried, it may not be improper to make our views known upon some points which were raised on the trial below, so that the decision of the Circuit Court may be conformable thereto hereafter. The testimony of the witness, Wilson, in relation to the remarks of Mr. Hoss, about "its being a lie, if any body said he gave directions to catch hogs," &c., was illegal. This testimony should have been rejected. Mr. Hoss was himself a competent witness. He might have been summoned and examined. The witness, Wilson, was clearly testifying to what he had heard.

3. The testimony which the defendant offered to produce, showing that he was acting in the employment of another in catching and marking the hogs, was proper, and should have been admitted. It was, indeed, highly proper for him to show how he became engaged in this business of catching and tying hogs. If he was actuated by any request or directions of another to do this deed, thinking that the hogs were the property of such person, and that he had no design or intention to steal the hogs, it was doing him an injury to reject this testimony.

4. It was the duty of the court to instruct the jury as to the law of the case. The instructions asked by the defendant's counsel may have been objectionable in their phraseology, but the court should not, therefore, have neglected to give such as the law of the case required.

5. The marking of a hog or the altering of a mark of a hog must, in order to be a felony, be done with *intent* to steal or convert the same to the use of the person so marking or altering the mark. It is the intention with which the act is done that gives to it its criminality, and one of the instructions asked by the defendant's counsel was directed to this point, and should have been given.

The judgment of the Circuit Court is reversed, and the cause remanded, with the concurrence of the other judges.