THE STATE, Respondent, v. GAVNER, Appellant.

1. The twenty-first section of the ninth article of the act concerning crimes
   and their punishments (R. C. 1855, p. 642) is properly invoked by an ac-
   cused person only after trial and conviction; the accused should be tried
   as if he were an adult, and afterwards, upon suggestion, the court should
   ascertain the age, and if he be found to be under sixteen years of age, the
   court should adjust the punishment in accordance with the statute.

*Appeal from St. Louis Criminal Court.*

*J. W. Sharp,* for appellant.

*Mauro,* (circuit attorney,) for respondent.

SCOTT, Judge, delivered the opinion of the court.

The defendant was indicted for grand larceny and con-
victed. The question in this case arises under the twenty-
first section of the ninth article of the act concerning crimes
and their punishments, which provides that whenever any
person under the age of sixteen years shall be convicted of
any felony, he shall be sentenced to imprisonment in a coun-
ty jail not exceeding one year, instead of imprisonment in
the penitentiary as prescribed by the preceding provisions of
this act.

On the trial a witness testified that he had been sitting in
the court-room and a few moments before had been asked by
the attorney for the defendant what he thought was the pro-
bable age of the prisoner, and, without any knowledge of the
object in putting to him the question, he had answered him
that he thought the prisoner was between fifteen and sixteen
years of age; that he had no acquaintance with the prisoner
and had never seen him before; that this was his opinion based
upon a view of the prisoner, with whom he had no acquaint-
ance nor any means of knowing his age. This was all the
evidence in the cause. The court thereupon instructed the
jury that the only question for them to decide was the age
of the prisoner and the assessment of the punishment, the

larceny of the goods, their value and ownership being admitted by the defendant; that if they believed the defendant was under sixteen years of age, they would so state in their verdict and assess his punishment by imprisonment in the county jail not exceeding one year; and if they found him over sixteen years, they would assess his punishment by imprisonment in the penitentiary for a term not less than two nor more than five years. And the court further instructed the jury that they could view the prisoner in ascertaining his age, and from the evidence of the witness and their view of him as he sat in court, they would form their opinion and judgment as to his age. This instruction was excepted to.

The proper construction of this act, as I conceive, requires that the prisoner should be tried as though he was an adult, and if he is convicted his punishment will be assessed accordingly, and afterwards, upon suggestion, the court will ascertain his age, and if he is found to be less than sixteen years, will adapt his punishment to his age in pursuance to the statute. This seems necessary for the protection of persons of the age mentioned in the statute. If one under the age of sixteen should be tried for a felony, and the fact that he was under sixteen years of age should be overlooked during the trial, if he is regarded in the light of an adult, would not he lose the benefit of the statute or be much embarrassed in afterwards obtaining its protection; or may not offenders fail to make the defence and after a conviction seek a new trial on this ground?

This provision is for the protection of persons of tender years. Inspection may be necessary in order to ascertain the age. How will the verdicts of jurors be controled if the jury determines from inspection? The execution of this law may be more safely confided to the judges than to juries. No court would suffer a person entitled to the protection of this section to undergo the punishment of an imprisonment in the penitentiary.

This seems the proper construction of the statute. Its language is that no person convicted of a felony under the age

of sixteen years shall be sentenced by the court to imprison-
ment in the county jail, &c.   This presupposes that the con-
viction and the assessment of the punishment in the peniten-
tiary are before the court.   The court *sentences* and not the
jury, and if the court, by inspection of the prisoner or any
other sufficient evidence, is satisfied of his exemption from
the punishment assessed, it will adapt the punishment to
his age.

The matter of the prisoner's age was not brought by any
suggestion to the attention of the court; indeed, from what
had taken place, it may well be supposed that it was deemed
wholly unnecessary, as there was no evidence, or at least any
that was entitled to any weight, that the prisoner was under
sixteen years of age.

I am in favor of affirming the judgment.   Judge Ewing is
in favor of affirming the judgment.   Judge Napton absent.