STATE OF MISSOURI, Respondent, *v.* HENRY BRAUNSCHWEIG, Appellant.

| 36 | 397 |
| 100 | 357 |
| 36 | 397 |
| 133 | 80 |

1. *Criminal Practice—Trial—Verdict.*—In cases of felony, the accused must be personally present at the trial, and no verdict can be entered against him except in his presence.
2. *Criminal Practice—Appearance.*—If the accused appear and plead to the indictment, no more formal arraignment is necessary.

*Appeal from the St. Louis Criminal Court.*

*Gottschalk,* for appellant.

The statute expressly recognizes the right of the defendant to be arraigned. (R. C. 1855, p. 1180, § 22; 22 Mo. 321; 27 Mo. 267; State v. Mathews, 20 Mo. 56.)

The second point is, that the verdict was rendered in the absence of defendant. The statute is positive. (R. C. 1855, p. 1191, § 16.) Defendant has the right to poll the jury, which is taken from him if the verdict is rendered in his absence. The authorities are uniform. (State v. Buckner, 25 Mo. 167; State v. Cross, 27 Mo. 332; State v. Mathews, 20 Mo. 55; 1 Archb. Cr. Pl. 173, note 2; 1 Chit. Cr. Law, 136; 1 Wend. 91; 1 Ill. 109.)

*Vastine,* for respondent.

In all cases where defendant does not confess the indictment to be true, a plea of not guilty shall be entered, and the same proceedings shall be had, in all respects, as if he had formally pleaded not guilty to such indictment. (R. C. 1855, § 5, p. 1181; State v. Andrews, 27 Mo. 267; Meader v. State, 11 Mo. 363; State v. Weber, 22 Mo. 325.) Defendant took no exceptions on this point. (State v. Mathews, 20 Mo. 55.)

The defendant ought not to be allowed to take advantage of his own wrong. The defendant, having entire control of his movements, was absent voluntarily. (R. C. 1855, p.

26—VOL. XXXIV.

1191, § 16; Bouv. L. D. 621, 600. It is unlike the case where one is absent by the neglect of the officers of the law.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted in the Criminal Court of St. Louis for grand larceny. The indictment contained two counts; the jury found the defendant guilty on the second, and acquitted him on the first. The record states that defendant appeared in proper person, and also by counsel, at the trial, and waived the reading of the indictment and plead not guilty. It also shows that after the evidence was submitted to the jury, as well on behalf of the State as the defendant, and the arguments of the respective counsel were had, the jury retired to consider of their verdict; that after agreeing on a verdict and upon returning into court, the the court ordered the defendant to be called, and that he failed to appear and made default.

This being on Saturday in the week, the jury, by direction of the court, sealed up their verdict and retained the same till the next Monday, at which time they again appeared; the defendant being called, came not; the court then received the verdict and had it recorded, and ordered a capias issued for the defendant, and declared a forfeiture of his recognizance. A few days afterwards, and during the same term of the court, he was arrested by the marshal and brought into court, whereupon the judge sentenced him to three years' imprisonment in the penitentiary, in accordance with the verdict.

The two main grounds argued for a new trial, are, that the prisoner was never arraigned as the law directs, and that the court erred in receiving the verdict in his absence. Much of the common law solemnity that was formerly used in the formal arraignment of those who stood indicted for crime is now dispensed with. There were reasons for an adherence to them which do not now exist. It was at one time necessary to ask him how he would be tried; but as the right to trial by battle never obtained with us, and the

law has provided that every such issue shall be submitted to a jury of the country, as the exclusive triers of the fact, that question would be entirely meaningless.  Our law does not demand that he shall formally and explicitly plead not guilty: if he requires a trial, or does not confess the indictment to be true, it is the duty of the court to enter a plea of not guilty, and proceed in the same manner as if he had formally pleaded.   (2 R. C. 1855, § 5, p. 1181.)  The defendant was present with his counsel when the jury was empannelled, waived the reading of the indictment, a plea of not guilty was entered of record, and we do not see how he can be injuriously affected because the arraignment was not made in a solemn, formal manner.

But this case must be reversed for the error committed by the court in receiving the verdict in the defendant's absence. " No person indicted for a felony can be tried unless he be personally present during the trial." (2 R. C. 1855, p. 1191, § 16.)  Trial is the examination of a cause, civil or criminal, before a judge who has jurisdiction of it, according to the laws of the land ; and the trial is not final and complete till the verdict is received and judgment entered.   The statute requires that the prisoner, on a charge of felony, shall be present during the whole trial, and all proceedings had in his absence are erroneous.   This court has frequently determined that it was necessary for the record to show that the prisoner was present in court during the trial.   Here, the record shows that he was not present. (State v. Mathews, 20 Mo. 55 ; State v. Buckner, 25 Mo. 167 ; State v. Cross, 27 Mo. 332.)

Judgment reversed and cause remanded.   Judge Holmes concurs ; Judge Lovelace absent.