STATE OF MISSOURI, Respondent, *v.* REUBEN ARMSTRONG, Appellant.

1. *Practice — Supreme Court — Transcript — Clerk — Affirmance.*—On *supersedeas* in a criminal prosecution, where the clerk of the trial court sends up the transcript as required by statute (Wagn. Stat. 1114–15, § 16), but the appellant fails to prosecute his appeal, and the judgment of the lower court appears to be regular, it will be affirmed. But the duty of bringing up the transcript is personal to the clerk, without the application of the accused (45 Mo. 153); and *semble,* that where respondent brings in the transcript and moves for an affirmance, on the ground that appellant has failed to file it, the motion will be overruled.

*Appeal from St. Louis Court of Criminal Correction.*

*J. P. Colcord,* and *H. B. Johnson,* Attorney-General, for respondent.

*Claiborne,* for appellant.

BLISS, Judge, delivered the opinion of the court.

The defendant was convicted of gambling, in the St. Louis Court of Criminal Correction, and fined ten dollars, and the court thereupon allowed an appeal, ordered a stay of proceedings, and took the proper recognizance. The clerk, under the provisions of section 16, pp. 1114–15, Wagner's Statutes, sent up the transcript, but the appellant fails to prosecute his appeal by presenting a brief of the facts and points upon which he relies, or to appear at all in this court.

At the last term, counsel for the State brought in the transcript and moved an affirmance of the judgment upon the ground that the appellant had not filed it; but the motion was overruled for the reason that where there is a stay of proceedings upon appeal, it is the duty of the clerk, in a criminal action, to send up a transcript without the application of the appellant. (State *ex rel.* Miller v. Daily, 45 Mo. 153.) But while it is the duty of the clerk to return the transcript in such cases, it is also the duty of the appellant to prosecute his appeal as in civil cases, except that no assignment of errors is required (Wagn. Stat. 1115, § 20), or the court will be at liberty to affirm the judgment.

We are not advised in regard to the points upon which the appellant relies, and the judgment appears regular and will be affirmed. The other judges concur.