THE STATE OF MISSOURI, Respondent, *v.* NAPOLEON OTT, Appellant.

*Practice, civil — Instructions may be given by the court, when.*—Where instructions, from their number and verbosity, have a tendency to confuse rather than enlighten and guide the jury, courts may properly refuse them altogether and substitute a few clear, precise and intelligent instructions of their own, covering the law of the case.

2. *Practice, criminal — Indictment — Trial — Prisoner must be present.—* Unless it appears from the record on appeal that a prisoner indicted for felony was present in court during the trial and at the rendition of the verdict, the cause will be reversed and a new trial granted.

*Appeal from Phelps Circuit Court.*

*Ewing & Smith,* with *Seay & Pomeroy,* for appellant.

The record does not show that the defendant was present in court when the verdict of the jury was returned into court and recorded. This should appear affirmatively by the record. (Wagn. Stat. 1103, § 15 ; State v. Cross, 27 Mo. 332 ; State v. Matthews, 20 Mo. 55.) The defendant was absent from the trial while it was going on, for six days, all the time. This was gross error. (Wagn. Stat. 1103, § 15; State v. Braumschweig, 36 Mo. 397; 31 Mo. 149; 36 Mo. 393.)

*A. J. Baker,* Attorney-General, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was convicted of murder in the second degree, and sentenced to the penitentiary for the term of thirty years. Upon the trial the evidence was very conflicting, and presents nothing which would authorize us to interfere with the verdict. In the matter of instructions the court doubtless aimed to be fair, as it gave about twenty on each side, and rejected about the same number offered respectively by the prosecution and the defense. The instructions covered mainly the points in the case. But on account of their exceeding prolixity they were not as intelligible as they should have been. Where counsel insist upon offering such a multitude of verbose instructions, the obvious tendency of which is to confuse the jury rather than enlighten or guide them, it would conduce to the administration of justice for the courts to refuse them altogether, and to give of their own motion a few clear, precise and intelligent instructions covering the law in the case.

The record shows that the prisoner was present in court when the jury was impaneled, and that he entered the plea of not guilty. From that time till the close of the trial, which occupied several days, there is no evidence that he was in court at any

time. Nor does it appear that he was present when the verdict was rendered.

The statute is explicit that no person indicted for felony can be tried unless he is personally present during the trial (Wagn. Stat. 1103, § 15), and this court has frequently decided that it was necessary for the record to show that the prisoner was in court during the trial and at the rendition of the verdict. (State v. Matthews, 20 Mo. 55; State v. Buckner, 25 Mo. 167; State v. Cross, 27 Mo. 332; State v. Braumschweig, 36 Mo. 397.) For this cause, then, the judgment must be reversed.

After the conviction it was suggested that the prisoner was under the age of sixteen years, and it was moved that his punishment be commuted to one year's imprisonment in the county jail, in accordance with the provisions of the statute. (Wagn. Stat. 515, § 21; State v. Gavner, 30 Mo. 44.) Thereupon the court assigned a day to hear testimony in reference to his age. When the motion came up for hearing, the record of the marriage between the prisoner's father and mother was introduced, which showed most clearly that he could not have been sixteen years of age if he was born in lawful wedlock. The mother testified that he was born about ten months after her marriage, and the father swore to the day, month and year of his birth, making his age less than sixteen years. In addition to this, persons who had known him from the time he was a little child testified that he was not sixteen. These witnesses were all unimpeached, the record could not be impeached; and unless we are to assume his illegitimacy, it seems to me that the evidence was very clear and conclusive. Of course the law would indulge no such presumption, but would rather lean in favor of legitimacy.

Against this evidence nothing was offered except the declarations of the prisoner on a former occasion, that he was over the age of sixteen. These declarations were of little weight against the proof produced on the other side, and the court, in overruling the motion for a commutation, certainly acted against the evidence.

The judgment must be reversed and the cause remanded. The other judges concur.