———o———

STATE OF MISSOURI, Respondent, vs. WILLIAM BARNES, Appellant.

1. *Criminal law—Trial—Failure to arraign prisoner.*—Trial cannot proceed against a prisoner for an offense for which he has not been arraigned, and of which he has not pleaded guilty.
2. *Criminal law—Appeal—Record must show presence of prisoner when, etc.*—On appeal from the verdict against defendant in an indictment, unless it appear from the record that the prisoner was in court during the trial and at the rendition of the verdict, the cause will be reversed.
3. *Criminal law—Reversal of cause—Prisoner, if in penitentiary, remitted to county jail.*—Where on reversal of a criminal cause, it appears that the prisoner is in the penitentiary by virtue of the sentence, an order will be made remitting him to the custody of the jailor of the proper county.

*Appeal from Clinton Circuit Court.*

*Porter & Merryman,* for Appellant.

*Corn & Hughes,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

Upon the trial in this case irregularities were committed which must necessarily lead to a reversal.

The indictment was for murder in the second degree and the accused was arraigned and put upon trial for murder in the first degree. After several witnesses were examined, the court then stated that the trial must proceed for murder in the second degree, and there was no re-arraignment or plea of not guilty for that offense.

A party cannot be tried for a crime for which he is not indicted; nor can a trial proceed against him for an offense for which he has not been arraigned and pleaded not guilty.

Again the record does not show that the defendant was present in court when the jury returned and delivered their verdict, nor when the court pronounced its sentence upon him. And it appears that he was absent a part of the time when the witnesses were being examined. The statute declares that no person indicted for felony can be tried unless he is personally present during the trial (Wagn. Stat., 1103, § 15); and we have always held that it was necessary for the record to show that the prisoner was in court during the trial and at the rendition of the verdict. (State vs. Mathews, 20 Mo., 55 ; State vs. Buckner, 25 Mo., 167 ; State vs. Cross, 27 Mo., 332 ; State vs. Braumschweig, 36 Mo., 397 ; State vs. Ott, 49 Mo., 326.)

The judgment must be reversed and the cause remanded, and as it appears that the defendant is now in the penitentiary by virtue of the sentence of the court, an order will be made that he be taken therefrom and remitted to the custody of the jailor of Clinton county, all the judges concurring.