————o————

STATE OF MISSOURI, Defendant in Error, *vs.* ZACK JONES, JR., Plaintiff in Error.

1. *Jury—Panel—Bystanders, summons of—Presumption as to panel in case of.*—Under the act of 1873, (Sess. Acts, 1873, p. 46), when the regular panel is exhausted or engaged in the trial of another cause, a jury may be summoned from the bystanders; and a *venire facias* is not necessary for that purpose. And the fact that a jury is thus summoned will raise the presumption that the panel is in the condition referred to.

2. *Jury, mode of summoning—Exceptions to.*—Where objections are not made and exceptions saved at the proper time, to the manner of summoning a jury, the point will not be regarded in the Supreme Court.

3. *Criminal law—Rape—Facts detailed at time of complaint, when evidence.*—In prosecutions for rape, the particular facts detailed by the prosecutrix at the time of making her complaint, are not admissible in evidence except when elicited from the complainant on cross-examination, or brought forward as confirmatory of her testimony after it has been impeached.

4. *Criminal law—Felonies—Personal presence of the accused must appear from record.*—In trials of felony, a failure of the record to show affirmatively that defendant was personally present during the trial, will work the reversal of a judgment of conviction. (Wagn. Stat., 1103, § 15.)

5. *Practice, civil—Instructions—What should be prepared by the court.*—It is the duty of the court, when not entirely satisfied with the instructions asked, to prepare such as will exhibit to the jury in general and appropriate terms, without comment on the evidence, all the law which has any bearing upon it.

6. *Witness—Credibility of for jury.*—The degree of credibility in cases of this sort, to be attached to the testimony of the prosecutrix, and as to whether there are contradictions or impossibilities therein, are to be determined by the jury under appropriate instructions.

### Error to Callaway Circuit Court.

*1. W. Boulware,* for Plaintiff in Error.

I. The court erred in ordering the sheriff to summon a jury from the bystanders, not of the regular panel. (Sess. Acts, 1874, p. 96; State vs. Holmes, 54 Mo., 153.) The present case differs from State vs. Pitts, (58 Mo., 556) in this: In that case the regular panel of jurors had been exhausted. In this case the court, by verbal order, directed the sheriff to summon a jury not of the regular panel. There was no *venire* to the sheriff to summon the jury that tried the prisoner. (3 Mo., 68.)

II. It was error to permit the witness, Nancy Jones, to state the detailed and particular account of the offense and the circumstances connected therewith, as told to her by the prosecuting witness the day after the alleged act was done. (Whart. Cr. Law, 6th Rev. Ed., § 1150; Stephens vs. State, 11 Ga., 225; 15 Ark., 624; 8 Jones, N. C., 19; 1 Phil. Ev., 23; 23 Wend., 50; 1 Denio, 19; 10 Grat. [Sup. Ct. App.] 722; Greenl. Ev., 2d Ed., vol. 3, § 213.)

III. If the prosecuting witness had an opportunity to make complaint early after the offense was committed, and failed to do so, until compelled by her mother to that step; and associated with defendant after the alleged offense, these were proper matters for the jury to consider. (Whart. Cr. Law, 6th Rev. Ed., § 1149, and authorities there cited; 4 Blackst. Com., 213; 1 Hale, pp. 628–631; 1 Hawk C., 41; Greenl. Ev., vol. 3, § 212, and authorities there cited.)

IV. The record does not show affirmatively that the defendant was present in court during the trial. (Wagn. Stat., 1103, § 15 ; State vs. Buckner, 25 Mo., 167 ; State vs. Mathews, 20 Mo., 55 ; State vs. Cross, 27 Mo., 332 ; State vs. Shoenwald, 31 Mo., 147 ; State vs. Braumschweig, 36 Mo., 397 ; 6 Ind., 164 ; 1 Wend., 91 ; 1 Ill., 109 ; 1 Chit. Cr. L., 636.)

V. The record does not show that the defendant was in court until brought up in the custody of the sheriff to hear his sentence ; hence, the judgment of conviction in this case cannot be sustained. (State vs. Mathews, 20 Mo., 55, and authorities cited.)

*Hockaday, Attorney General*, for State.

I. The instructions given for the State and the defendant fairly presented the law to the jury, and the defendant has no cause for complaint. (Bay vs. Sullivan, 30 Mo., 191 ; Gonsolis vs. Gearhart, 31 Mo., 585 ; Hook vs. Craighead, 35 Mo., 380.)

II. If the defendant objected to the manner of summoning the jury, he should have objected at the time. His failure to object is a waiver of his right now. (See 54 Mo., 153, 274 ; 36 Mo., 400.) The act of 1874, for selecting jurors, is merely directory. Non-compliance therewith is no ground for a new trial. (58 Mo., 556.)

III. The statement of the prosecutrix to her mother, after she was ravished, narrating the facts in connection therewith, was competent to go before the jury. Defendant had a right, and it was her duty, if innocent, to tell that she had been ravished, it was certainly competent for her to narrate how it was done. If she had failed to divulge, then it would have been claimed in this case, that she yielded to defendant, and was not forced. (53 Mo., 267 ; 40 Mo., 356.)

SHERWOOD, Judge, delivered the opinion of the court.

The defendant is charged with the crime of rape, alleged to have been perpetrated on the person of a young girl who had not attained her fourteenth year.

### I.

From aught that appears in the record to the contrary, we must presume that the regular panel was exhausted or engaged in other causes, and so it was perfectly competent to summon a jury from the by-standers. (State vs. Pitts, 58 Mo., 556.) Nor was it necessary that a *venire facias* should issue to the sheriff for this purpose. (Samuels vs. State, 3 Mo., 68.) Besides, it does not appear that any objections were made or exceptions saved to the manner in which the jury was summoned. (Samuels vs. State, *supra.*)

### II.

There was evident error in permitting the mother of the prosecutrix to detail the particular facts related to her by her daughter at the time of making complaint of the injury. Such facts are not admissible in evidence, except when elicited from the complainant on cross-examination or brought forward as confirmatory of her testimony after it has been impeached. The authorities on this point are almost unbroken in their uniformity. (3 Greenl. Ev., 213, cas. cit.) The defendant's objections in this regard should therefore have been sustained.

### III.

It does not affirmatively appear from the record that the defendant was personally present during the trial. This omission must result in a reversal of the judgment of conviction. (Wagn. Stat., 1103, § 15; State vs. Buckner, 25 Mo., 167; State vs. Cross, 27 Mo., 332; State vs. Shoenwald, 31 Mo., 147; State vs. Braumschweig, 36 Mo., 397; State vs. Mathews, 20 Mo., 55.)

### IV.

The instructions given on the part of the State as well as on behalf of the defendant defined with sufficient clearness the offense with which the defendant is charged, and the instructions which the court refused to give at the instance of the defendant were either faulty as not containing a true exposition of the law, or else were mere comments upon the evidence. As this case must be re-tried, it is thought unne-

cessary to notice the instructions more in detail, as the court below on a re-trial can, if the law of the case is not fully declared in the instructions asked, of its own motion prepare those which will exhibit to the jury in general and appropriate terms, without comment upon the evidence, all the law which has any bearing on the facts established by the testimony. And this duty clearly devolves on the court if not entirely satisfied with the instructions asked. (State vs. Mathews, 20 Mo., 55 ; State vs. Hardy, 7 Mo., 609 ; State vs. Schoenwald, 31 Mo., 147.)

## V.

It is claimed for the defendant that the verdict is wholly unsupported by the evidence, and we are cited to the case of the State vs. Burgdorf, 53 Mo., 65. But that case is unlike the present one in these respects; that here, the prosecuting witness was not of such mature years as the prosecutrix in that case, and besides the alleged crime here was committed at a spot remote from travel, and where outcries would have been unavailing. As to whether there were impossibilities or contradictions in the story of the girl, these are matters which, under appropriate instructions, must be left to the triers of the fact by whom alone the degree of credibility which should attach to her testimony will be weighed and determined.

The judgment is reversed and the cause remanded. All the other judges concur.