State v. Barnett.

————o————

STATE OF MISSOURI, Respondent *vs.* JOHN BARNETT, Appellant.

1. *Indictment—Judgment set aside on appeal for what defects.*—On indictment for felony where the record fails to show that the accused was arraigned or pleaded, or was personally present during the progress of the trial, or at rendition of verdict, judgment against him will be set aside on appeal. (State vs. Montgomery, *ante* p. 296.)

2. *Indictment—Appeal—Failure to sign bill of exceptions.*—On appeal in a criminal proceeding, where error is apparent on the face of the record, the cause will be reversed although the judge of the court below failed to sign the bill of exceptions.

3. *Indictment—Appeal—Prisoner sent from penitentiary to jailor, when.*—Where judgment in a criminal cause is reversed, and the prisoner is, at the time, in the penitentiary in execution of his sentence, an order should be made delivering him to the jailor of the county from whence he came.

*Appeal from Wright Circuit Court.*

*Ewing & Smith, with Pope,* for Appellant, cited : Wagn. Stat. p. 1103, § 15 ; State vs. Matthews, 20 Mo. 55 ; State vs. Buckner, 25 Mo. 167 ; State vs. Cross, 27 Mo. 332 ; State vs. Braunschweig, 36 Mo. 397 ; State vs. Ott, 49 Mo. 326 ; State vs. Cheek, and State vs. Montgomery, decided at the present term of this court, (*ante* p. 296.

*Thos. Hockaday, Att'y Gen'l,* for Respondent, cited : Shotwell vs. State, 37 Mo. 259.

SHERWOOD, Judge, delivered the opinion of the court.

I. The defendant, indicted for and convicted of grand larceny, has appealed to this court, and since it nowhere appears in the record that he was ever arraigned or pleaded to the indictment, or

that he was personally present during the trial, or at any time during its progress, or at the rendition of the verdict, the judgment of conviction cannot stand. Our statute (Wagn. Stat. p. 1103, § 15,) expressly requires a person indicted for a felony to be "personally present during the trial," and our repeated decisions are uniform in requiring that the record shall show this. (State vs. Jones, 61 Mo. 232, and cases cited; State vs. Ott, 49 Mo. 326; State vs. Cheek; and State vs. Montgomery, *ante* p. 296.)

II. A motion has been filed on behalf of the State to dismiss the appeal on the ground that the bill of exceptions was not signed by the judge, and we are referred to Shotwell vs. State (37 Mo. 359). In that case, however, not only was there no bill of exceptions, but there was no appeal or writ of error, and the cause was merely stricken from the docket. The statute, (Wagn. Stat. 1115, § 20) after providing that in a criminal case no assignment of error shall be necessary, commands that we proceed and render judgment on the record before us. This evidently imposes the duty upon us of examining the whole record, regardless of the point of irregularity in the signing of the bill of exceptions. Such an examination discloses in the present instance the defect before adverted to.

The judgment will be reversed and the cause remanded, and if, as stated, the defendant is in the penitentiary, in execution of his sentence, an order will be made requiring his removal therefrom, and delivery into the custody of the jailor of the county from whence he came. (State vs. Barnes, 59 Mo. 154.) Judge Wagner absent, the other judges concur.