———o———

STATE OF MISSOURI, Respondent, *vs.* JOHN W. ALLEN, Appellant.

1. *Indictment—Murder—Presence of prisoner—Failure of record to show.*— Where it does not appear affirmatively that the prisoner was present during the entire trial of an indictment for murder, or to show the presence of the jury during the hearing of evidence, such errors will work a reversal of the cause.

2. *Instructions—Faults in.*—Instructions should not be repetitions nor commentaries on the evidence.

*Appeal from Greene Circuit Court.*

*John G. Wear, C. W. Thrasher, with H. C. Young*, for Appellant, cited: State vs. Ware, 61 Mo. 232; State vs. Buckner, 25 Mo. 167; State vs. Cross, 27 Mo. 332; State vs. Schoenwald, 31 Mo. 147.; State vs. Browning, 36 Mo. 397; State vs. Mathews, 20 Mo. 55; State vs. Barnes, 59 Mo. 154; State vs. Ott, 49 Mo. 326.

*J. L. Smith, Att'y Gen'l*, for Respondent, cited: State vs. Underwood, 57 Mo. 40; State vs. Brown, 63 Mo. 439.

NORTON, Judge, delivered the opinion of the court.

Defendant was indicted in the circuit court of Lawrence county, for murder in the first degree for killing one George Riddle, in August, 1875. On the application of defendant, a change of venue was awarded to the circuit court of Greene County, in which court defendant was tried at the November term, 1876, thereof, and convicted of murder in the second degree.

Numerous exceptions were taken to the admission and rejection of evidence, the giving and refusing instructions, which are relied upon here as causes for the reversal of a judgment. It is also insisted that the record in this case fails to show affirmatively the presence of the prisoner during the progress of the trial.

If this last objection is well founded, it necessitates a reversal of the judgment, under repeated decisions of this court, no matter how well and properly it may have been tried in all other respects. The necessity for the record showing affirmatively the presence of the prisoner, whose liberty and life are in peril, during the trial of the question whether he shall be deprived of either, has been so often and so clearly and plainly expressed by this court in numerous cases, covering a period of more than twenty years, that it constitutes criminal neglect on the part of those charged with the duty of making up these records, and those charged with the duty of seeing that they are properly made up, when the record fails to show this fact so necessary to sustain any judgment which may be rendered in such case.

The record proper in this case shows that on the 27th day of November, 1876, a jury was impaneled and sworn, and that de-

fendant was then in court, and that on the swearing of the jury, for want of time to try on that day, the cause was continued till the next morning—the defendant being committed to the custody of the sheriff. The record proper does not show what disposition was made either of the prisoner or jury after this adjournment. It does not show that either the prisoner or jury were in court the next day after the jury were sworn, or at any other time, or that there was a trial of the case, or that any evidence was given before the jury on the next day after they were sworn, or any other day.

The only statement that is made upon the subject is made in the bill of exceptions. The bill of exceptions, after reciting all the evidence and fifteen pages of closely written instructions given and refused, and numbering forty-three, contains the following statement:

" Under the instructions given by the court, the jury found the defendant guilty of murder in the second degree.

' We the jury find the defendant, John W. Allen, guilty of murder in the second degree as charged in the indictment and assess his punishment at imprisonment in the State penitentiary for term of twenty years.'

J. W. HATFIELD, Foreman.

And on the same day in which the said jury returned their said verdict to-wit: on Saturday, the 2d day of December, 1876, the court rendered judgment in this cause."

The following is a literal copy of the judgment thus recited, so far as it is copied:

" And now at this day comes again as well the prosecuting attorney who prosecutes for the State of Missouri in this behalf, as the said John W. Allen in his proper person, who was brought to the bar of the court in the custody of the sheriff aforesaid, impaneled as aforesaid in this behalf, also come under charge of the sheriff and thereupon the jurors aforesaid, upon their oath aforesaid, do say:

' We the jury, etc.' (see remainder of verdict *supra* 82.) It is therefore considered by the court that the said John W. Allen be imprisoned in the penitentiary of the State of Missouri

for and during the period of twenty years and that he be taken hence, etc.''

Taking the whole record and neither the jury impaneled to try the defendant, nor the defendant, appear anywhere in it from the 27th of November to the second of December. Although the bill of exceptions contains the evidence of twenty-seven witnesses, the record fails to show that the evidence was given before the jury or in the presence of the prisoner.

For these manifest errors the judgment will be reversed.

(State vs. Matthews, 20 Mo. 55; State vs. Buckner, 25 Mo. 167; State vs. Cross, 27 Mo. 332; State vs. Shoemaker, 31 Mo. 147; State vs. Browning 36 Mo. 397; State vs. Ott, 49 Mo. 326; State vs. Barnes, 59 Mo. 154; State vs. Jones, 61 Mo. 232.)

The following cases have been decided at the present term enunciating the same principle as in the above.

State vs. Montgomery, 63 Mo. 296; State vs. Barnett, 63 Mo. 300; State vs. Cheek, 63 Mo. 364; State vs. Dooley, 64 Mo. *post*.

We will not notice the forty-three instructions given and refused in this case, except to say that many of them are but repetitions of others, while others are more in the nature of commentaries on the evidence than of instructions declaring a principle of law applicable to the case, two evils to be guarded against on a re-trial of the case.

Judgment reversed and cause remanded, in which the other judges concur.