State v. Dooly.

STATE OF MISSOURI, Defendant in Error, *vs.* HENRY W. DOOLY, Plaintiff in Error.

1. *Indictment—Larceny—Failure to specify articles stolen—Defective charge as to larceny—Effect of upon conviction of burglary, where indictment charges both.*—Where an indictment charges that defendant " burglariously and feloniously, etc.," entered a house " with intent to commit larceny by taking and carrying away, etc." certain specified goods, and adds in a separate clause that he did then "burglariously and feloniously steal, take and carry away, contrary" etc., the indictment is fatally defective, the phrase " by taking and carrying away, etc., not being an affirmative allegation of stealing ; and the second clause failing to designate what was stolen. And defendant being charged with both larceny and burglary and being convicted in the same verdict of both, and there being nothing on which to base the verdict as to the former, judgment and sentence cannot stand as to the latter.

2. *Indictment—Burglary—What charge of sufficient.*—An indictment which distinctly and with reasonable particularity charges the felonious and burglarious breaking and entering into a house, and the felonious intent thereby to commit larceny, is a sufficient charge of burglary.

3. *Practice criminal—Record—Failure to show presence of prisoner at verdict—Effect of.*—On an indictment for felony, the failure of the record to show affirmatively that the prisoner was present at the rendition of the verdict will operate a reversal of the cause.

*Error to Howard Circuit Court.*

*J. B. Clark & Son, with Jas. H. Robinson,* for Plaintiff in Error, cited : State vs. Henly, 30 Mo. 509 ; Wagn. Stat. pp. 454, 455, §§ 10–17 ; Bish. Crim. Law 5 Ed. Vol. 2, §§ 90, 92, 99 ; Kell. Crim. L. & P., § 559 ; State vs. Jones, 61 Mo. 232 ; Wagn. Stat. 513, § 9 ; 455, § 19 ; 1108, § 4 ; Kell. Prac. § 421.

*J. L. Smith, Att'y Gen'l,* for Defendant in Error, cited : State vs. Henly, 30 Mo. 509 ; Hale, 560 ; 2 East P. C. Ch. 15, § 15, 514 ; Rex vs. Furinal, Bush, Ky. 445 ; 2 Arch. Cr. Pl. & Pr., p. 329 ; Bish. Crim. Law, 5 Ed. Vol. 2, § 116 ; Jones vs. State, 11 N. H. 270 ; Com. vs. Brown, 3 Rawle, 207 ; State vs. Ayer, 3 Frost, 301 ; Rosc. Crim. Ev. (4 Am. Ed.) 364, 366 ; *In re* Tweed, 60 N. Y., 445, and authorities there cited.

HENRY, Judge, delivered the opinion of the court.

At the December term 1875 of the Circuit court of Howard County, the grand jury returned the following indictment against Henry Dooley :

" The grand jury for the State of Missouri for the body of the county of Howard, charged and sworn, upon their oath present, that Henry Dooley, William Todd and William Ogg, all late of the county of Howard aforesaid, on the twenty-fourth day of June, 1875, feloniously, burglariously and forcibly, at the county aforesaid, did break into and enter a certain smoke house and building, the property of Andrew C. Tolson, then and there being, by breaking down the door of said smoke house and building, in which said smoke house and building there were then and there at the time aforesaid, goods, wares and merchandise, and other valuable things. kept- and deposited ; that the said Henry Dooley, William Todd and William Ogg, so broke and entered into said smoke house and building, with the intent then and there to commit a larceny by then and there stealing, taking, and carrying away the goods, chattels and personal property of the said Andrew C. Tolson in said smoke house and building kept and deposited ; to-wit, ten pieces of bacon of the value of thirty dollars then and there being found in said smoke house and building.

They, the said Henry Dooley, William Todd, and William Ogg, did then and there, burglariously and feloniously steal, take and carry away, contrary " etc.

At the April term of said court A. D. 1876, there was a trial of said cause which resulted in the conviction of defendant, Dooley, of both burglary and larceny ; of burglary in the second degree, the jury assessing his punishment at imprisonment in the penitentiary for a term of three years, and of larceny, the jury assessing his punishment at like imprisonment for a term of two years.

In due time he filed his motion for a new trial, which was overruled, and thereupon he filed a motion in arrest of judgment, which was also by the court overruled. As neither the evidence nor the instructions given by the court are preserved, the points made by defendant, on his motion for a new trial, will not be considered. The motion in arrest presents the following questions viz : Is the indictment sufficient to charge the crime of burglary, and larceny, or either ? Are the judgment and sentence warranted by the verdict ? Does the record fail to show that defend-

ant Dooley was personally present in court, when the jury returned their verdict into court, and if so, is it an error for which the judgment should be reversed?

It will be observed that the first paragraph of the indictment, copied above exactly as it appears on the record, charges the breaking and entering into the smoke house by the defendant. The second paragraph contains the allegation of the intent with which it was done.

It is not alleged therein that defendant stole the ten pieces of bacon. There is no more stated in the first two paragraphs, than that the defendant feloniously and burglariously broke and entered into the smoke house, with intent then and there to commit a larceny by taking and carrying away, goods, chattels and personal property.

The words "by taking and carrying, etc.," are not a charge that they did steal, but is only a statement of the manner in which they intended to commit a larceny.

The concluding paragraph is as follows: "They, the said Henry Dooley, William Todd and William Ogg, did then and there, burglariously and feloniously steal, take and carry away contrary, etc." "Steal, take, and carry away," what? The ten pieces of bacon: There is no reference to the bacon whatever, in that sentence. It was only mentioned in the preceding paragraph, to show the intent of the defendant in breaking and entering into the smoke house.

It may have been, and it may be conceded that it was, the intention of the pleader to charge that the defendant stole the meat, but it will not do to imprison one in the penitentiary, on an indictment in which it was intended to charge a criminal offense, unless the crime is distinctly charged.

As the indictment is insufficient to charge the defendant with larceny, and the jury found him guilty of both larceny and burglary, the verdict will not sustain the judgment and sentence, since there is no indictment to sustain a portion of the verdict.

From what has already been said, it will be perceived that we hold that the indictment for the charge of burglary is sufficient. It distinctly charges the felonious and burglarious breaking and

entering into the smoke house, and the felonious intent thereby to commit larceny, with reasonable particularity.

The record shows that on the second day of the term, being the 4th day of April, 1876, the defendant Dooley was present in court in person, but it nowhere appears in the record that on the next day, when the jury returned their verdict into court, Dooley was present. This court has repeatedly held, that unless it affirmatively appear from the record that a defendant, tried for a felony, was personally present during the trial, the judgment should be reversed. (State vs. Buckner, 25 Mo. 167 ; State vs. Cross, 27 Mo. 332 ; State vs. Schoenwald, 31 Mo. 147; State vs. Braunschweig, 36 Mo. 397 ; State vs. Jones, 61 Mo. 232.)

In the case of the State vs. Cross, the record, in regard to the presence of the prisoner in court during the trial, was precisely like the record in this case, and Napton J., who delivered the opinion of the court on that point, says : "We do not infer because the record shows the defendant was present in court on one day, that he was therefore present on the following day."

For the errors above indicated, with the concurrence of the other judges, the judgment of the circuit court is reversed and the cause remanded, to be proceeded with in conformity to this opinion.