STATE OF MISSOURI V. ABLE, APPELLANT.

65  37
49a 591

**Practice, Criminal :** TRIAL : PRESENCE OF PRISONER. Unless it affirmatively appears from the record in a criminal case, that the prisoner was present during the progress of the trial, and at the rendition of the verdict, a judgment against him will be reversed.

*Appeal from Jasper Circuit Court.*—JOSEPH CRAVENS, Judge.

*W. C. Robinson* and *H. B. Johnson*, for appellant.

*J. L. Smith*, Atty. Gen., for respondent.

NORTON, J.—The defendant was indicted in the McDonald Circuit Court, at its June term, 1874, for murder in the first degree, in killing one John L. Lane. At the October term, 1874, of said court, on defendant's application, a change of venue was awarded to the Circuit Court of Jasper County, in which latter court, at its March term, 1875, defendant was put upon his trial, which resulted in a verdict of guilty. Motions for new trial and in arrest of judgment were in due time filed, and being overruled, defendant brings the case here by appeal. The grounds relied upon for a reversal of the judgment are, that the court erred in overruling defendant's application for a continuance; that the record does not show the arraignment of prisoner and his plea of not guilty before the jury were sworn; that improper evidence was admitted on the trial; that improper instructions were given and proper instructions refused; that the record does not show that the prisoner was present during the progress of the trial. If the last reason assigned exists in point of fact, it will necessitate a reversal of the judgment, and obviate the necessity for a consideration of the objection to the action of the court in refusing a continuance and having the jury sworn before arraignment and plea of not guilty was entered. The record shows that, on the 13th day of March, the jury was sworn, and the further trial continued till the next day, at which time, it being the *fourteenth* of March and the sixth

judicial day of the term, the trial, not being completed, was continued till *Monday*, the *fifteenth* of March. No further notice, after the continuance on the 14th, is taken, either of the jury or defendant, till the 18th day of March, at which time the jury returned their verdict. The record does not show that the trial was proceeded with on Monday, the 15th of March, or at what time the trial was closed or the jury retired to consider of their verdict. However well this case may have been tried in other respects, the condition of the record is such that, under repeated decisions of this court, the judgment rendered cannot be allowed to stand. 20 Mo. 55, 25 Mo. 167, 27 Mo. 332, 31 Mo. 147, 36 Mo. 397, 49 Mo. 326, 57 Mo. 40, 59 Mo. 154, 61 Mo. 232.

It ought to be understood by the circuit clerks, prosecuting attorneys and circuit judges, that this court, in an unbroken line of decisions, extending from 20 Mo. to 63 Mo., has held that, unless it affirmatively appears from the record in a criminal case that the prisoner was present during the progress of the trial and at the rendition of the verdict, the judgment rendered in such case will be reversed. In view of the frequent imperfection of records in this respect, necessitating in criminal cases the reversal of judgments, accumulation of cost and delay of justice, it is deemed appropriate to observe that section 6, *Wag. Stat.* 419 provides that " full entries of the orders and proceedings of all courts of record of each day shall be read in open court on the morning of the succeeding day, except on the last day of the term, when the minutes shall be read and signed by the judge at the rising of court." It may be remarked that if this provision of the law, intended to prevent just such. omissions as are manifest in the record before us, was executed and observed, such errors would be less frequent and the administration of the law made more effectual.

Judgment reversed and remanded, in which the other judges concur.

REVERSED.