THE STATE v. PICKLES, PLAINTIFF IN ERROR.

**Record**: CRIMINAL PRACTICE.  When the record in a criminal case shows neither indictment, arraignment, trial nor verdict, the judgment of conviction will be reversed.

*Error to St. Louis Court of Appeals.*

*J. L. Smith*, Atty. Gen., For the State.

NORTON, J.—Defendant was indicted in the St. Louis Criminal Court, charged with an assault with intent to kill. At the January Term 1876 of said court judgment was entered up against him, from which he prosecuted his appeal to the St. Louis Court of Appeals, where, upon a hearing the judgment of the Criminal Court was affirmed. From

this judgment defendant has appealed to this Court. The record before us neither shows an indictment, arraignment, trial or verdict, and it has been repeatedly held that unless the record upon which this court has to pass, affirmatively shows an arraignment, and the presence of the prisoner during the trial and at the rendition of the verdict, the judgment of the trial court cannot stand. *State v. Barnett*, 63 Mo. 300; *State v. Jones*, 61 Mo. 232; *State v. Ott*, 49 Mo. 326; *State v. Montgomery*, 63 Mo. 296. None of these things appearing on the record the judgment is reversed, and cause remanded to the Saint Louis Criminal Court. The other judges concur.                              REVERSED.