### John Satterwhite *v*. The State.

Practice. — One of the most important of the preliminary steps in a criminal prosecution is the plea of "not guilty." A judgment of conviction will be set aside on appeal, unless the record affirmatively shows that the plea was either interposed by the accused or was entered for him.

Appeal from the District Court of Houston. Tried below before the Hon. R. S. Walker.

*M. Priest,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

White, J. This is an appeal from a judgment of the District Court of Houston County, convicting appellant of theft of a mule, and assessing his punishment at five years' imprisonment in the penitentiary.

So far as the record discloses, the defendant neither pleaded at all to the indictment, nor had the plea of not guilty entered for him upon his failure to plead. After the special pleas which a defendant is permitted to plead under our statute, it is provided that he shall in all cases be allowed to interpose the general plea of guilty or not guilty. Pasc. Dig., arts. 2949, 2981. In all criminal cases the indictment shall be read, and the defendant asked whether he is, and required to plead, guilty or not as therein charged. Pasc. Dig., arts. 2941, 3014. "If the defendant answer that he is not guilty, the same *shall be entered*

*upon the minutes* of the court; if he refuse to answer, the plea of not guilty *shall in like manner be entered.*" Art. 2942. " The plea of not guilty *shall in every criminal action be entered*, where the defendant refuses to answer." Arts. 2947, 2981. Again : ' The plea of not guilty shall be made orally, and noted upon the minutes of the court." Art. 2965. The plea is one of the most important of the preliminary steps in a criminal prosecution.

These statutes are imperative. Without a plea there is no issue for the jury to determine ; and the fact that the defendant pleaded, or that a plea was entered for him, must affirmatively appear in the record, or a judgment of conviction will not stand. *The State* v. *Mathews*, 20 Mo. 55. See the case of *Stacey* v. *The State, ante,* p. 121, and authorities there cited.

In this case the error is not one of clerical omission in making out the transcript, for we are informed by the assistant attorney general, in his written submission of the case, that he has had " the record of the court below examined," and that it appears that the transcript is correct.

It is unnecessary to notice the other errors complained of ; the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*