## Willis Cannon *v.* The State.

Practice. — The Code requires that the defendant's plea of "not guilty" shall be entered of record, and that if he fails to plead, the plea of "not guilty" shall be entered for him. If the transcript fails to show the entry, the conviction will be set aside. The record must show, also, that the jury was sworn; otherwise, the judgment will be set aside.

Appeal from the County Court of Morris. Tried below before the Hon. J. F. Mosely, County Judge.

*Louis P. Wilson*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

Ector, P. J. The record before us fails to show that the defendant in the lower court pleaded to the indictment, or that, on his failure to do so, the plea of not guilty was entered for him. Without a plea there was no issue for the jury to determine. The fact that the defendant pleaded, or that a plea of not guilty was entered for him, must affirmatively appear on the record, or a judgment of conviction

will not stand.   Pasc. Dig., arts. 2941, 2947, 2981 ; *Stacey v. The State*, 3 Texas Ct. App. 121 ; *Dempsey v. The State*, 3 Texas Ct. App. 429 ; *The State v. Matthews*, 20 Mo. 55.   The transcript also fails to show that the jury were sworn in the case.   Unless the record affirmatively shows that the jury were sworn, the judgment will be set aside.

The judgment of the lower court is reversed, and cause remanded.

*Reversed and remanded.*