THE STATE v. DAVIDSON, *Appellant.*

1. **Practice in the Supreme Court in Criminal Cases.** This court cannot affirm the judgment in a criminal case for failure of appellant to prosecute his appeal. It is its duty under the statute to render judgment on the record. Overruling *The State v. Armstrong,* 46 Mo. 588.

2. **Larceny.** Prior to the Revision of 1879, (§ 1655,) a defendant indicted for "larceny committed in a dwelling house" could not be convicted of the crime of petit larceny.

*Appeal from Holt Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*D. H. McIntyre,* Attorney General, for the State.

SHERWOOD, C. J.—The defendant was indicted under section 28, 1 Wagner's Statutes, 457, for a larceny in a dwelling house. The indictment is in usual form. On trial had, the jury returned this verdict: "We, the jury, find the defendant guilty of petit larceny, and assess his punishment at a fine of $100 and imprisonment in the county jail for three months."

## I.

We denied at last term a motion to affirm the judgment in this case, which motion was based on the failure of the defendant to "prosecute his appeal." The point is still urged that he yet continues in default in that particular. In civil causes, for failure to assign errors, the appeal may be dismissed or the judgment affirmed. 2 Wag. Stat., p. 1066, § 22. In civil causes also, the statute is express that each party shall "furnish the court with a clear and concise statement of the case and the points intended to be insisted on in argument." Ib., 1067, § 31. In civil causes also, the judgment will be affirmed if the appellant fails to prosecute his appeal by filing in this court a perfect transcript, and such transcript be produced here by the

opposite party. Ib., p. 1069, § 49. There are no such provisions in criminal causes, and the pratice therein, if we are to follow the statute, is totally dissimilar from that in civil causes. In the former class of causes no assignment of error or joinder in error is necessary, nor statement of the case or points intended to be insisted on, but on the return of the appeal it becomes the duty of this court to " render judgment on the record" before us. Ib., p. 1115, § 20; *State v. Barnett*, 63 Mo. 300. The case of the *State v. Armstrong*, 46 Mo. 588, where the judgment was affirmed because the defendant failed to prosecute his appeal by presenting a brief of the facts and points on which he relied, was not well considered, and is not law.

## II.

But the judgment cannot be affirmed on the merits. On examination of the record, of which the verdict forms part, we find that the defendant, though indicted for " larceny committed in a dwelling house," was found guilty, not as charged in the indictment, but merely guilty of " petit larceny," a totally distinct offense; one which the indictment does not charge. This case does not fall within the purview of section 14, page 513, 1 Wagner's Statutes, whereby a party indicted for an offense " consisting of different degrees," may be found " not guilty of the offense charged in the indictment," but " guilty of any degree of such offense inferior to that charged in the indictment, or of any attempt," etc., because there are no degrees of the offense of " larceny committed in a dwelling house." A party accused of such offense is either guilty as charged, or not at all, so far as concerns that particular charge. He is brought before the court to answer to the specific and statutory charge of " larceny committed in a dwelling house." and not for that offense committed otherwise or elsewhere. In short, petit larceny committed outside of a dwelling house is not an offense inferior in degree to larceny committed inside of a dwelling house. The statute

in some cases allows convictions where they would not be allowed on general principles and at common law, as for instance where one is indicted for larceny and convicted of embezzlement, and *vice versa*, or where one indicted for burglary and larceny in the same count is punished for one or both of such offenses. *State v. Alexander*, 56 Mo. 131. But such convictions rest upon statutory provisions alone, and without them could not be upheld. As the statute now stands, the conviction in the present instance would be valid, because the party accused may be found not guilty of the offense charged, and guilty of the commission of any offense necessarily included in that whereof he is charged. R. S. 1879, § 1655.

The judgment is reversed and the defendant discharged. All concur.