## The State v. Cavanaugh, *Appellant.*

1.  **Practice**: REFUSAL OF CONTINUANCE. Where it appeared that the trial which succeeded a refused application for a continuance was a mis-trial, and that at the subsequent trial which resulted in defendant's conviction, the witnesses, on account of whose absence the continuance had before been prayed, were present and testified, and that defendant at that trial offered testimony to the contrary of that testified to by the State's witnesses ; *Held,* that if there was any error in refusing the continuance, it afforded no reason for reversing the judgment.

2. **Practice, Criminal**: SPECIAL JUDGE. Under the act of 1877, (Sess. Acts, p. 357, ¿ 1,) to entitle the defendant in a criminal case to be tried by a special judge, it was necessary that the affidavit of prejudice on the part of the regular judge should be supported by the affidavits of two reputable persons.

2. **Jury.** Where objections are not made and exceptions saved at the proper time, to the manner of summoning a jury, the point will not be regarded in the Supreme Court.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*D. H. McIntyre,* Attorney General, for the State.

## I.

SHERWOOD, C. J.—The defendant is not represented in this court, but in the discharge of the duty which the law imposes, we have carefully examined the transcript of the record. That transcript, especially of the record proper, is made out after a very poor fashion, in regard to the different days of the term and of the month when the different steps in the cause were taken, and record entries thereof made; but from the best consideration we have been able to give the subject, it seems that both of defendant's applications for a continuance, the latter of which is not preserved, were made anterior to a mis-trial, and that subsequently the trial which resulted in his conviction, took place. If this be true, no injury appears to have resulted to the defendant, from overruling his application. Furthermore, it is shown by the bill of exceptions, that two of the witnesses, Kelly and Jordan, on account of whose absence defendant, on a former occasion, desired a continuance, were present and testified at the last trial. Moreover, it appears that in that trial, the defendant "offered his testimony to the contrary," of that testified to by the State's witnesses. In such circumstances, we cannot reach a conclusion unfavorable to the action of the trial court, and

every presumption is in favor of the correctness of that action.

## II.

Under the law as it then stood no change of venue was allowable. And to entitle the defendant to a special judge, it was requisite that the affidavit respecting prejudice of the judge against whom directed, should be supported by the affidavit of two reputable persons. No such support was given, and consequently no error occurred on that score. Laws 1877, p. 357, § 1.

## III.

Nor did any error occur in refusing to quash the panel of jurors, because no *venire* had issued to the sheriff. *State v. Jones,* 61 Mo. 232, and cases cited.

The result is, we affirm the judgment. All concur.