STATE OF MISSOURI, Respondent, v. BEN
BENCH, Appellant.

**Springfield Court of Appeals, April 7, 1913.**

CRIMINAL LAW: Appeal Not Perfected: Judgment on Record.
    The accused, upon conviction in trial court, after motion for
    new trial, filed affidavit for appeal and same was granted. Leave
    was obtained to file bill of exceptions, but same was not filed
    and nothing more was done toward perfecting the appeal, the
    case being submitted on the record as certified by the clerk of
    the trial court. *Held*, to be the duty of the appellate court to
    examine the record and render judgment on same, the appeal
    presenting nothing to the appellate court but the record proper.

Appeal from Webster Circuit Court.—*Hon. C. H.
    Skinker,* Judge.

AFFIRMED.

A. H. Davis and Seth V. Conrad for respondent.

G. Purd Hays for appellant.

No Briefs Filed.

STURGIS, J.—The defendant in this case was
convicted at the January term, 1912, of the circuit
court of Webster county, Missouri, for the offense of
wife abandonment under the provisions of section
1861, Revised Statutes of 1909. The clerk of the cir-
cuit court of that county has certified to the clerk of
this court a complete transcript of the record and pro-
ceedings had in this case in that court. From that we
learn that the defendant was duly arraigned and en-
tered his plea of not guilty; that he was thereupon
tried by a jury of twelve men, who returned into court
a verdict finding him guilty as charged and assessing
his punishment at a fine of fifty dollars. The defend-
ant filed his motion for a new trial, which was over-

ruled, and thereupon filed an affidavit for appeal and an appeal was granted to this court. He obtained leave to file a bill of exceptions, but it appears from the record that none has been filed. After filing his motion for a new trial, taking the appeal and obtaining leave to file a bill of exceptions, nothing has been done by the defendant to perfect his appeal or have the same presented to this court, and the case is submitted without appearance of either party on the record as certified by the clerk of the trial court.

In this state of the record it is our duty to examine the record before us and render judgment upon the same. We have done this and find that the defendant was duly arraigned and entered his plea of not guilty; that he was tried by a lawful jury and a verdict of guilty, in proper form, was returned and a proper judgment entered thereon. We have examined the information and find that it properly charges an offense under the statute before mentioned. This appeal presents nothing but the record proper. [Sec. 2716, R. S. 1909; State v. Barnett, 63 Mo. 300; State v. Davidson, 73 Mo. 428.]

Finding no error in the record the judgment will be affirmed. All concur.