## HARDY v. THE STATE.

1. It is error to instruct the jury that they are the judges of the law and the evidence. The jury are to decide according to the evidence, as they receive it from the witnesses, and the law as delivered to them by the court.

2. The circuit court should not permit juries to take law books to their room for the purpose of investigating the law of the case; but they may be permitted to take a law book in their retirement, when the paragraph applying to the case is separately marked out, as in the case of a statutory provision.

Appeal from the St. Louis Criminal Court.

McPHERSON for Appellant.

BENT for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*

The appellant, defendant in the criminal court, was indicted for permitting a gambling device, called a Roulette, to be used in his booth for the purpose of gaming for money.

The defendant being found guilty, appealed to this court. The appellant assigns as reasons for reversing the judgment of the criminal court:

1st. That there was no venue proved on the trial.

2d. That there is a variance betwixt the indictment and the evidence introduced to support it.

3d. That the court committed error in stating to the

jury orally that the jury were judges of the law and the fact, when they requested the law book.

The evidence in the cause shows that at the fall races in 1839, the defendant was in a booth turning a roulette, at which other persons were betting; that money was won and lost at the table where the defendant was employed. There were several other roulettes in the booth, and it was not known who was the owner of the whole booth.

First, I believe it is no where stated in the record that this race track, or that the booth was in St. Louis county, but as it is not stated that the record contains all the evidence given, we may fairly presume that it was proved that the booth and race track were in St. Louis county.

The defendant prayed the court to instruct the jury, First, That unless the defendant owned or rented the booth, or had possession of it at the time specified, they must acquit. Second, That the setting up, or playing at the roulette table is a different offence from that charged in the indictment.

The court gave the following, in place of the first instruction asked: "That unless the jury believe from the evidence that the defendant owned or occupied the booth, or at the time had possession or control of it, they must acquit." The court refused the second instruction asked, and I hold it was very rightly refused. The court is not bound to give every idle instruction asked. Every body, without the aid of law knowledge, understands that. The evidence in this cause very plainly shows that the defendant had sufficient possession of this booth to maintain and keep up the roulette; the machine appears to have been under his direction and management; he had sufficient possession of the ground to ensure those disposed to bet, the right of entry and of tarrying. It is not very material what his title was to the soil on which the booth stood, or whether he was proprietor of the whole, or of a part only. He might very well have been guilty of both offences; and some future grand jury may per-

SEPT. TERM, 1842.

Hardy
v.
The State.

haps indict him for the offence of which he seems to think himself guilty.

It does not appear from the record that the jury was orally instructed by the court that they were the judges of the law and the evidence, as it is in the record, or of the law and the fact, as the defendant's counsel has it. It is difficult to conceive how the criminal court could consistently tell the jury they were the judges of the law, &c., after having undertaken to tell them what was the law of the case. It is the duty of the judge of a criminal court, as well as of all other courts of record, to instruct the jury in all the law arising in the case, and it is the duty of the jury to respect the instructions of the court as to the law of the case, and to find the prisoner guilty or not guilty according to the law as delivered to them by the court, and the evidence, as they receive it from the witnesses, under the direction of the court. See 4 Bl. Com. p. 361.

The court and jury are colaborers in a cause : the court aids the jury by communicating to them its law knowledge as occasion requires ; and the jury are to decide on the truth or falsehood of statements made by witnesses. When a jury find a man guilty of murder, they are said to decide the law and the fact. They apply the law given to them by the court to the facts proved by the witnesses ; and if they find the prisoner not guilty, the State can no longer prosecute him on the same charge : but if the jury mistake the law, and find the prisoner guilty, the humanity of the law authorizes the court to correct the blunders of the jury by a grant of new trial. A court, therefore, ought not to allow juries to take books to find law to suit the case. But I see no impropriety in the court permitting a jury to take a law book in their retirement, when the paragraph applying to the case may be separately marked out, as in the case of a statutory provision.

Because, then, the criminal court told the jury they were the judges of the law and of the evidence, and permitted them to take the book with them to the jury room, its judgment is reversed.

It is error to instruct the jury that they are the judges of the law and the evidence. The jury are to decide according to the evidence, as they receive it from the witnesses, and the law as delivered to them by the court.

The circuit court should not permit juries to take law books to their room for the purpose of investigating the law of the case ; but they may be permitted to take a law book in their retirement, when the paragraph applying to the case is separately marked out, as in the case of a statutory provision.