THE STATE v. BERT STUART, Appellant.

Division Two, December 20, 1926.

1. **INFORMATION: Burglary and Larceny: In One Count.** The information may charge burglary and grand larceny in the same count, and defendant may be convicted of both offenses in the one trial.

2. ————: ————: **Forcibly.** The use of the word "forcibly" is not necessary in a charge of burglary. The word "break," if employed in the information, as it is in the statute, implies force.

3. **EVIDENCE: Irrelevant.** If the irrelevant testimony was not prejudicial its admission was not error.

4. **INSTRUCTIONS: Refusal of Defendant's.** If the instructions given correctly cover every phase of the case, the refusal of others of like import asked by defendant is not error.

5. ————: **General Assignment: Motion for New Trial.** A general assignment of errors in the motion for a new trial in a criminal case, such as, "The court refused to give instructions offered and on behalf of defendant," and, "The court allowed instructions to be given to the jury improperly on the part of the State," does not preserve the instructions for review, and is not the assignment in detail and with particularity required by the amendment to Section 4079, Revised Statutes 1919, made by the Act of 1925, Laws 1925, page 198.

**6. VERDICT: Unnamed Defendant.** A verdict reading, "We, the jury, find the defendant guilty of burglary in the second degree as charged in the information and assess his punishment at two years in the State Penitentiary. And we further find the defendant guilty of larceny and assess his punishment at two years in the State Penitentiary," although it does not name the defendant, is a definite answer to an information charging both burglary and larceny, and is sufficiently distinct in its purpose and comprehensive in its scope to authorize the entry of such a judgment thereon as will bar another prosecution for the same offense.

Corpus Juris-Cyc. References: **Burglary,** 9 C. J., Section 60, p. 1035, n. 27, 31. **Criminal Law,** 16 C. J., Section 411, p. 255, n. 38; Section 2506, p. 1063, n. 85; Section 2587, p. 1103, n. 68; Section 2588, p. 1103, n. 77; Section 2738½, p. 1219, n. 81; p. 1220, n. 1; Section 2768, p. 1251, n. 3; 17 C. J., Section 3351, p. 90, n. 75; p. 91, n. 76; Section 3662, p. 317, n. 10. **Indictments and Information's,** 31 C. J., Section 330, p. 771, n. 16; p. 772, n. 21, 22. **Verdict,** 40 Cyc., p. 189, n. 46.

Appeal from Holt Circuit Court.—*Hon. Guy B. Park,* Judge.

AFFIRMED.

*J. B. Dearmont* and *Robert L. Minton* for appellant.

(1) The court erred in failing to instruct the jury upon all questions of law in the case which were necessary for their information in arriving at their verdict. (a) Instruction 5 narrowed the province of the jury, and denied the defendant the right to have the jury pass separately upon his guilt or innocence of each offense charged. State v. Brown, 73 Mo. 631; State v. Hecox, 83 Mo. 531; State v. Conway, 241 Mo. 271; State v. Burrell, 298 Mo. 672. The court attempts to inform the jury as to what their verdict should be if they found the defendant guilty of both burglary and larceny, but they should have been further instructed that they could acquit of burglary and find defendant guilty of larceny; in which event the offense of burglary should be defined and the offense of larceny defined, and in this case, under the information and the proof, an instruction defining the offense of petit larceny should have been submitted to the jury. State v. Owens, 79 Mo. 619; State v. Hecox, 83 Mo. 537; State v. Brinkley, 146 Mo. 37; State v. Nicholas, 222 Mo. 425; State v. Lackey, 230 Mo. 707. (b) The court erred in giving Instruction 4. This instruction is obscure and meaningless and makes no correct statement of the law.' Its purpose, manifestly, was to direct the jury that unless they found certain facts to exist which constituted the crime of burglary, they should acquit the defendant. The defendant's effort in this manner, by offering such an instruction, should have sufficiently called the court's attention that the defendant desired to be tried for burglary and for the larceny as if they were two separate and distinct offenses, as they are in law regarded. State v. Nicholas, 222 Mo. 432; State v. Conway, 241 Mo. 287. (2) The court erred in refusing to sustain the demur-

rers offered by the defendant at the close of the State's evidence and at the conclusion of all the evidence offered in the trial. The rambling and inconsistent statements of the witness Collins could not have been "received with great caution," or with any caution, by the jury under the record in this case. This witness lays the prelude for his tale by trading his watch for whiskey. From the time of this transaction until he, defendant Stuart and the witness Williams arrived at the St. John place he drank of his liquor. He volunteered the information that he "picked up" an old revolver in the St. John home, although he didn't know why he did it—he didn't want it. His remembrance of the St. John smokehouse on that day reflects the muddled condition of his brain. This witness bore a bad reputation for truth and veracity, honesty and good citizenship, and admitted he had been convicted of the crime of arson in the State of Kansas. He is corroborated in but three things; that he was in company with the defendant Stuart and the witness Williams, in a Ford car driving along the public highway north and west of the village of Fortesque on the day of the commission of the alleged offense; that he was drunk and that a revolver was taken from him in the afternoon of that day. The case is not supported by, and Collins is not corroborated by, a circumstance that is present in almost every reported case charging a defendant with the crime of burglary and larceny—the finding of any of the property alleged to have been stolen in the possession of the person charged with the crime. State v. Owens, 79 Mo. 626; State v. Butterfield, 75 Mo. 297; State v. Yandle, 166 Mo. 589; State v. Moss, 216 Mo. 436; State v. Henderson, 212 Mo. 442.

*North T. Gentry,* Attorney-General, and *A. M. Meyer,* Special Assistant Attorney-General, for respondent.

(1)  The information is sufficient. State v. Carey, 278 S. W. 720; Secs. 3305, 3325, R. S. 1919; Sec. 3297, Laws 1921, p. 196; Kelley's Cr. L. & Prac. (3 Ed.) sec. 609; State v. McGuire, 193 Mo. 226; State v. Person, 234 Mo. 265; State v. Blockberger, 247 Mo. 601; State v. Tipton, 307 Mo. 502.  (2)  The verdict found defendant guilty of each crime charged and separately assessed the punishment for each offense, and was sufficient in every respect. State v. Carey, 278 S. W. 722. The judgment was in the usual form and conformed to the verdict.  (3)  Instruction number five, given at the request of the State is in approved form and correctly states the law when read with instruction number 8, given by the court at the request of the State. State v. Conway, 241 Mo. 281; State v. Tracy, 294 Mo. 386; State v. Carpenter, 216 Mo. 448.  (4)  Instruction 4 correctly stated the law, and in any event was given at the request of the defendant.

Hence, the defendant is not entitled to complain of the form or substance of the instruction so given at his request. This instruction was the converse of that part of the main instruction, Number 5, which defined burglary. Defendant complains that no similar instruction was given as the converse of that portion of the main instruction defining larceny. No request was made for such an instruction and the trial court will not be convicted of error for failing to give a converse instruction when none is asked. State v. Cardwell, 279 S. W. 100. (5) The court did not err. in refusing the defendant's instructions in the nature of demurrers to the evidence offered at the close of the State's case and at the close of all the evidence. There was ample evidence by an eyewitness of both the breaking and the asportation and the mere fact that the witness Collins bore a bad reputation for truth and veracity did not preclude the jury from believing his testimony and they have passed on his credibility. The jury were given a proper cautionary instruction on the testimony of an accomplice and Collins's testimony was corroborated by other witnesses. Under such circumstances this court will not overturn the verdict. State v. Carr, 256 S. W. 1046. (6) The assignments of defendant's motion for a new trial were not sufficiently specific to necessitate the review of any instructions given or refused. State v. Scanlan, 273 S. W. 1065.

WALKER, P. J.—The defendant was charged by information in the Circuit Court of Holt County with burglary and larceny, and upon a trial to a jury he was convicted as charged and his punishment assessed at two years' imprisonment in the penitentiary for each offense. From this judgment he appeals.

The facts disclose that the crimes with which the defendant was charged were committed by him while in company with two others, named Collins and Williams. The building burglarized was a smokehouse on the farm of one Fred St. John, located. near the town of Fortescue in Holt County. Collins testified that in passing the St. John residence it was discovered that the owner and his family were away from home. That he and the defendant alighted from the car and he entered the St. John residence, from which he took a pistol. As he emerged from the house he saw the defendant pick up a gunny sack by the door of the smokehouse, open the door of same and enter it; that he saw meat, hams and shoulders, spread out on a table in the smokehouse, and that the defendant upon seeing it said, with an oath, "Right here is where I get myself some meat." Later the defendant came out of the smokehouse with the loaded gunny sack on his shoulder, and went southwesterly with it and returned a short time thereafter without it. Williams and Collins waited in the car until the defendant's return. They then went to Fortescue,

from which place they had gone earlier in the day. It appears that these parties had gone out into the country to obtain some whiskey, which, upon their return, they had been drinking and were under the influence of it when they reached the St. John residence. That evening the defendant told Collins that he had hid the meat out behind a straw-stack and was going back that night to get it. St. John testified that he and the members of his family at or about nine or ten o'clock on the day the crimes were alleged to have been committed, went to Fortescue, two miles distant, and returned at about two-thirty, P. M. that day. Upon their return he found that four joints of meat, three hams and a shoulder, had been taken from his smokehouse; that this house was about twenty feet from his residence, was closed and could only be entered by lifting a latch and opening the door of same; that a short time before he and his family left home the defendant and Williams and Collins passed in a car going in a northerly direction. Several witnesses testified that on the day of the alleged crime they saw the defendant and his two companions in a car on the road which ran by St. John's residence. Williams, testifying for the defendant, stated that at no time did he and the defendant and Collins stop at St. John's residence. There was no other testimony for the defense, other than to prove that Collin's reputation for truth and veracity was, as stated by one witness, bad, and by another, that it was good when he was sober and bad when he was drunk.

The errors alleged by the defendant to have been committed during the progress of the trial, as preserved in the motion for a new trial, are the admission of incompetent evidence; that the verdict was not in conformity with the law and the instructions of the court, and was the result of passion and prejudice.

The motion in arrest of judgment alleged that the information did not charge any offense under the law in that it was drawn under a repealed statute; that the verdict of the jury was insufficient in that it did not name the defendant therein.

I. The information in a single count charges burglary in the second degree and grand larceny; the first under Section 3297, Revised Statutes 1919, as amended, Laws 1921, page 196, and the second under Section 3312, Revised Statutes 1919. The

**Information.** joinder of these offenses in one count is authorized under Section 3305, Revised Statutes 1919. Both under the common law and the statute the information alleges a breaking as well as an entry of the premises named, which is sufficient to charge burglary under our law. In one of the charges of burglary in our reports (State v. Tipton, 307 Mo. 500), and in others elsewhere, the word "forcibly" has been employed in addition to the words used charg-

ing the offense. Our statute does not use the word "forcibly," and if it did its use would not constitute an essential to a valid charge, as the word "break" employed in the statute and in this information sufficiently implies the necessary force to characterize the offense (9 C. J. 1035, sec. 60, and notes). This conclusion finds its verification in an examination of either the opinions or the records proper of the cases cited in the respondent's brief. The charge of grand larceny follows the form many times approved by this court. The information, therefore, embodies all of the essentials necessary to properly charge the crimes of burglary, and larceny and the defendant's assignment in this regard is overruled. [See in addition late cases cited in State v. Tipton, supra, p. 508.]

II.  An examination of the bill of exceptions discloses no error on the part of the trial court, either in the admission of improper or the exclusion of competent testimony. While testimony **Irrelevant** may have been admitted which was irrelevant, not infre-**Evidence.** quently the case in ordinary trials, the most discriminating review does not justify the conclusion that it was in any instance prejudicial. This is and should be the test in determining a contention in this regard.

III.  We find upon an examination of the instructions that those given correctly cover every phase of the case and are in the forms often approved by this court. Those asked by the defendant and refused were but repetitions of others of like purport **Instructions.** given at the request of the State and their refusal was therefore not error. This examination was not required, as under our procedure no objections to the giving or refusal of instructions were preserved in a manner to require their review upon appeal.

The provisions of the motion for a new trial in this regard are as follows:

"3.  That the court refused to give instructions offered and on behalf of the defendant.

"4.  That the court allowed instructions to be given to the jury improperly on the part of the State."

A general assignment of errors in motions for new trials in criminal cases does not constitute such a preservation of same as is required by the statute, Section 4079, Revised Statutes 1919, as amended, Laws 1925, p. 198, which is as follows:

"The motion for a new trial shall be in writing and must set forth in detail and with particularity in separate numbered paragraphs, the specific grounds or causes therefor. Such motion shall be filed before judgment and within four days after the return of the verdict, if the term shall so long continue; and if not, then before the

end of the term; provided, that the court shall have power in any case for good cause shown to extend the time for filing such motion for a period not exceeding ten days from the date of the return of the verdict.''

IV. Despite the fact that motions in arrest of judgment have been abolished in our criminal procedure (Sec. 4080, Laws 1925), we have considered the grounds urged in such a motion **Motion in Arrest.** in this case, as though the same had been made in the motion for a new trial. It is urged in the motion in arrest that the information did not charge any offense under the law. The sufficiency of this pleading has been discussed and ruled against the contention of the defendant.

It is further urged that the verdict is insufficient in that it does not name the defendant therein. The verdict was in this form:

''We, the jury, find the defendant guilty of burglary in the second degree as charged in the information and assess his punishment at two years in the State Penitentiary. And we further find defendant guilty of Larceny and assess his punishment at two years in the State Penitentiary.''

It is pertinent to inquire in this connection what is meant by a verdict and the purpose it serves in a prosecution for crime. It may be defined as being, when properly drawn, a definite answer given by the jury to the court concerning the matter of fact submitted to them for their consideration and determination. To meet these requisites is should, in general terms, respond to the charge made in the indictment or information. Possessed of these requisites it will be sufficient, when a judgment is properly rendered thereon, to bar another prosecution for the same offense. [State v. Blue, 134 La. 561; State v. Williams, 89 N. J. L. 234; Roberts v. State, 74 Tex. Cr. 150, 168 S. W. 100.] The finding as to the conviction of the defendant of each of the offenses charged in this case, as well as the penalties prescribed, is separately stated. No confusion can exist therefore in this regard and the designation of the ''defendant'' as such, without otherwise naming him is sufficient. [State v. Jordan, 285 Mo. l. c. 72, and cases; State v. Henderson, 284 S. W. 799.] Possessed of these essentials the verdict is sufficiently distinct in its purpose, comprehensive in its scope and definite in its terms to authorize the entry of such a judgment thereon as will bar another prosecution for these offenses. Thus panoplied it fully meets the requirements of the law.

In the absence of prejudicial error this judgment is affirmed. It is so ordered. All concur.