STATE OF MISSOURI, Respondent, v. SON LEE, JR., Appellant, No. 42091—233 S. W. (2d) 666.

Division Two, October 9, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, November 13, 1950.

164

*Sheldon P. Sandler* for appellant.

*J. E. Taylor*, Attorney General, and *Arvid Owsley*, Assistant Attorney General, for respondent.

[667] TIPTON, J.—In the circuit court of Jackson County, Missouri, at Kansas City, defendant was convicted of the crime of grand larceny and his punishment assessed at imprisonment in the state penitentiary for a term of five years.

The evidence tended to show that Lorene Brown was employed by the Kansas City Typographical Union. This union had offices at 518 Ridge Building, Kansas City, Missouri, and about noon of May 10, 1949, Miss Brown had prepared the bank deposit of the union, consisting of $816.00 cash and $1,197.88 in checks, preparatory to going to the bank. She placed the money and checks in her purse and left it in an open drawer of her desk. She then went upstairs to a restroom. She was gone less than five minutes and immediately upon her return discovered that the purse and its contents were missing.

The Kansas City police were notified and on May 11, 1949, appellant was arrested by the police of Kansas City, Kansas. He signed a waiver of extradition and was taken back to Kansas City, Missouri, by the police. At 4:40 P. M. of that date appellant was booked at the Kansas City, Missouri, police station. At 4:30 P. M. of May 12, 1949, the police obtained a signed confession from the appellant in which he admitted the larceny. On May 13, 1949, at about 3:15 P. M. the appellant made another written confession which differed in some respects from the first one.

The appellant's uncle, Eugene Buckner, testified that he purchased an automobile in connection with the appellant and that the appellant furnished the money. The police found $190.00 in the clothes of appellant that were in the closet of a room occupied by appellant and Buckner. That room was in a house located at 350 Greeley Street, Kansas City, Kansas.

■ The appellant contends that the trial court erred in admitting these two confessions in evidence because these "confessions were involuntarily given as a matter of law."

The appellant frankly admits that the evidence is in dispute as to whether the [668] police used force on appellant to obtain these confessions, but the police officers admit that the appellant was knowingly held in jail without a criminal charge being filed against him for a period of more than 20 hours. Section 4346, R. S. A. Mo., provides that a person arrested without warrant for a criminal offense "shall be discharged from said custody within twenty hours from the time of such arrest, unless they shall be charged with a criminal offense * * *." In the case of State v. Menz, 341 Mo. 74, 106 S. W. 2d 440, we held that failure to release a person upon the expiration of twenty hours under the above section does not constitute, as a matter of law, such duress as to render any statement or confession made thereafter to an officer presumptively involuntary.

The fact that a peace officer violates a statute by failing to release a prisoner in the time prescribed by statute without having him charged with a criminal offense within that time does not, as a matter of law, render the prisoner's confession involuntary. State v. Ellis, 354 Mo. 998, 193 S. W. 2d 31; State v. Sanford, 354 Mo. 1012, 193 S. W. 2d 35. The evidence shows that on one occasion during this period of time the police officers took the appellant to the Kaw River to look for the checks that were stolen, and on another occasion they took him to his room located at 350 Greeley Street in Kansas City, Kansas. The evidence shows that he voluntarily made these trips to help find the checks and the money. In fact, the appellant testified that he helped the officers take his clothes out of the closet while looking for the stolen money when he was taken to the Greeley Street address. There was no evidence of any long continued questioning of this appellant. These facts do not make these confessions involuntary as a matter of law.

When the State offered these two confessions in evidence, the appellant objected to their introduction on the grounds that they were not voluntary. The trial court sent the jury from the court room and held a preliminary hearing on that question. The State's evidence was to the effect that the appellant voluntarily made the confessions. The officers denied that they struck or kicked the appellant. It is true that appellant testified that they beat and kicked him and told him they would hold him until he did confess. We hold that the State sustained its burden of proof that the confessions were voluntary at the preliminary hearing. State v. Higdon, 356 Mo. 1058, 204 S. W. 2d 754; State v. Humphrey, 357 Mo. 824, 210 S. W. 2d 1002.

■ Appellant's next assignment of error is that the trial court refused, after being requested, to give an instruction telling the jury

they could consider the fact that appellant was held longer than 20 hours in considering whether these confessions were voluntarily given. The police officers admitted that they held the appellant in jail longer than 20 hours without a charge being filed against him. Appellant contends that since the police violated Section 4346, supra, the jury should be instructed that that fact is some evidence that the confessions were not voluntary. Section 4070, R. S. A. Mo., among other things, provides that "whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict." We have repeatedly held that the court does not have to give instructions on collateral matter unless the defendant tenders a correct instruction on the matter involved. An instruction on the question as to whether or not a confession is voluntary is a collateral matter. State v. Sanders, 4 S. W. 2d 813; State v. Higdon, supra.

A defendant in a criminal case must formulate and ask that an instruction on a collateral matter be given, and is in no position to complain if he only orally requests an instruction on collateral issues. State v. Starr, 244 Mo. 161, 148 S. W. 862; State v. Sanders, supra; State v. Trice, 338 Mo. 744, 92 S. W. 2d 135. It follows that there is no merit in this assignment.

Appellant's last assignment of error is that the court admitted evidence obtained by unlawful search and seizure. The appellant contends that since the police officers did not have a search warrant on the [669] two occasions when they took him to his room on Greeley· Street that the evidence discovered there was obtained by unlawful search and seizure.

"It is well settled that the evidence obtained by the search will not be excluded, if it is relevant and competent, unless the defendant has previously made a motion to suppress it, or possibly unless he had no reason to anticipate the evidence would be introduced, and was surprised. Annotations: 88 A. L. R. 348, 359; 134 A. L. R. 823, 826; 150 A. L. R. 566, 573. State v. Owens, supra, 302 Mo. loc. cit. 359(5), 259 S. W. loc. cit. 102(4), 32 A. L. R. 383; State v. King, 331 Mo. 268, 274(3), 53 S. W. 2d 252, 255(2); State v. Tull, 333 Mo. 152, 166(6), 62 S. W. 2d 389, 392(8)." State v. Martin, 208 S. W. 2d 203, l. c. 208.

In the case at bar the appellant filed a motion to suppress this evidence. This motion was denied before the trial started. No evidence on this motion is preserved in the bill of exceptions, therefore, there is nothing before us for review on this assignment.

There being no prejudicial error in the record, the judgment of the trial court is affirmed. All concur.