STATE of Missouri, Respondent,

v.

Lawrence F. CHANEY, Appellant.

STATE of Missouri, Respondent,

v.

Herbert METCALF, Appellant.

Nos. 48242, 48243.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1961.

Concurring Opinion Sept. 25, 1961.

W. Stanley Walch, St. Louis, for appellants. Thompson Mitchell Douglas & Neill, St. Louis, of counsel.

John M. Dalton, Atty. Gen., Jerry B. Buxton, and A. Moody Mansur, Asst. Attys. Gen., for respondent.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., for respondent on Supplemental brief.

HYDE, Chief Justice.

An opinion in this case, adopted in Division No. 1 but transferred to Banc, was not adopted in Banc. The facts from the Divisional opinion, hereinafter set out (without quotation marks), are adopted as a sufficient statement.

Lawrence Chaney and Herbert Metcalf were jointly charged with robbery in the first degree and each was also charged under the Habitual Criminal Act as amended in 1959, V.A.M.S. § 556.280. The trial court found one or more of the previous convictions as to each defendant, a jury found defendants guilty of robbery as charged, and Chaney was sentenced to 10 years and Metcalf to 12 years in the penitentiary. Each appealed from the judgment of conviction and their appeals have been consolidated.

Defendants' sole contention is that the trial court erred in failing and refusing to give an instruction limiting the effect of impeaching evidence.

The state's evidence tended to show that about one o'clock in the afternoon of De-

cember 10, 1959, the prosecuting witness was at 3739 Windsor in St. Louis, attempting to collect for merchandise which he had formerly sold; that while in the lighted first floor hall he was accosted by defendants who knocked him to the floor and took from him a $15.03 check which the witness had theretofore cashed for his son, and $15 in cash; that defendants ran from the building and the witness pursued. A school crossing guard in the vicinity saw defendants as they ran and the guard, after talking with the prosecuting witness, furnished police a description of defendants who were arrested at 1:35 that same afternoon. When arrested Chaney had $21.88 and Metcalf $5.

Defendants' evidence tended to support an alibi defense and, in connection therewith, defendants adduced evidence tending to explain their possession of the respective amounts of money found on their persons. Defendants' witness, Marceline Robinson, testified that for some time prior to December 10, 1959, she had been the "girl friend" of defendant Chaney; that during the morning of the tenth Chaney was at her home; that they quarreled and had decided to "break up"; that Chaney wanted her to return part of the money that he had theretofore given her and that as a result of that request she gave him $40. It was the witness's opinion that defendant Chaney would have had some of that money left at the time she last saw him about 12:30 in the afternoon of the tenth.

Cross-examination developed these admissions and matters: The day of the alleged robbery and subsequent to defendants' arrest, Marceline had gone to the police station where she told two detectives that Chaney had beaten and robbed her about 10:30 that morning, or that "They [the detectives] put it that way; they said that's the way it was. * * * I told them what happened and they said it was robbery, is what they said"; that she told the detectives that she was with defendant Chaney when he purchased a shotgun that same day; that the detectives took her

to the city hospital because she had received a blow on the head from Chaney; and that she told the police she was afraid to report the matter until Chaney had been arrested.

The foregoing cross-examination was admitted by the trial court for the stated reason that it went to the credibility of the witness. The state correctly concedes on this appeal that the witness's testimony on cross-examination was admissible only for the purpose of impeaching her and was not admissible as substantive evidence against either defendant of the crime charged in the information. We think it needs no demonstration that, at least, most of the testimony developed on cross-examination was admissible to impeach the witness, and that it also need not be demonstrated that such testimony was highly prejudicial to defendants.

Defendants offered and the court refused to give instruction C by which defendants sought to limit the purposes for which Marceline Robinson's testimony with respect to Chaney's purchase of a shotgun and concerning the alleged charges which she placed against Chaney on December 10 was to be considered by the jury. That instruction was:

"The Court instructs the jury with respect to the testimony concerning the purchase of a shot gun by Lawrence Chaney on the morning of December 10th, and concerning the alleged charges which the witness Marceline Robinson placed against the defendant Lawrence Chaney on December 10, 1959, that this testimony was admitted only for the purposes of the credibility of the witness in question and does not bear upon the guilt or innocence of either of these defendants. In other words, this testimony was admitted merely to determine whether the witness, Marceline Robinson, was telling the truth and could be believed upon the other matters to which she testified, and it is not to be used by you nor considered in any way in making your determination as to the guilt or innocence of

these defendants or either of them. This testimony is irrelevant and immaterial to the issue of whether these two defendants, Lawrence Chaney and Herbert Metcalf, robbed David Chaskelson at 3937 Windsor Place, and may only be considered by you in connection with the weight you give the testimony of Marceline Robinson."

The state agrees that the testimony of Marceline Robinson could only be elicited to impeach her and says that is all it sought to do by this cross-examination. However, the state says she "was called by defendant Chaney to play a vital part in his alibi defense, that he received the money in his possession from her, not by robbing Chaskelson, and by such an instruction he would have limited any consideration of her testimony for even this purpose"; but we do not see how the state could complain about that. The state also says that by stating in the instruction that her testimony was "irrelevant and immaterial" as to whether defendants committed the robbery, they "are in fact saying, we called her to testify but she did not prove a favorable element of our defense, so why not totally exclude any consideration of her testimony." This also would seem to be harmful to defendant rather than to the state. However, the instruction was repetitious (saying substantially the same thing three times) and the language of the last clause of the second sentence was too broad (in using the phrase "in any way") so that the court was justified in refusing it as offered. Nevertheless we should observe that it was necessary and not improper, as the state contends, for the instruction to specifically identify the particular testimony by the particular witness which was to be considered only for the limited purpose stated in the instruction.

The question for decision is: What is the duty of the trial court in a criminal case when the defendant offers an erroneous instruction?

Sec. 546.070(4), now Rule 26.02, V.A.M. R., requires the court to instruct the jury "upon all questions of law arising in the case which are necessary for their information in giving their verdict." (Statutory references are to RSMo and V.A.M.S. unless otherwise noted.) This statute came into our law in 1879 as Sec. 1908. It was amended in 1889 (Sec. 4208 RS 1889) to make failure to so instruct good cause for granting a new trial; and in 1895 (Laws 1895, p. 161) to include "the subjects of good character and reasonable doubt" in its requirements. It was amended again in 1901 (Laws 1901, p. 140) to add the phrase "whether requested or not." As to the effect of this, we said in State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 317: "Our statutes divide the instructions in a criminal case into two general classes. The first includes those which Sec. 4070(4) mandatorily requires the court to give whether requested or not, 'upon all questions of law arising in the case which are necessary for their (the jury's) information in giving their verdict; which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt.' [Statutory references in the Foster case were to RS 1939.] It is held these instructions must cover ' "all the essential elements of an offense embraced within the charge," ' or, as put another way, they must declare the law ' "applicable to every crime, or grade of crime, of which, under the evidence, the jury might convict the accused." ' Instructions not belonging in that class, such as instructions on evidence and procedure, are called 'collateral,' and fall in the second class. As to them, Sec. 4083 provides 'the court *may* instruct the jury in writing on any point of law arising in the cause.' But the defendant must request or tender instructions of that class, save exceptions and preserve the point in his motion for new trial." See also State v. Starr, 244 Mo. 161, 182, 148 S.W. 862, construing these statutes.

"*Collateral*" means "*collateral to the main issue,*" State v. English, 308 Mo. 695, 274 S.W. 470, 474. "We have said that the law of the case comprehends *the elements*

*of the offense charged* as shown by the evidence. State v. Conrad, [322 Mo. 246] 14 S.W.2d 608; State v. Decker, [321 Mo. 1163] 14 S.W.2d 617. All other matters are collateral." State v. Headley, Mo.Sup., 18 S.W.2d 37, 39; see also State v. Rowe, 324 Mo. 863, 24 S.W.2d 1032, 1038; State v. Miller, Mo.Sup., 292 S.W. 440, 442. In State v. Conway, 241 Mo. 271, 287, 145 S.W. 441, it was said our 1879 statute [now Sec. 546.070(4)] was taken almost verbatim from the laws of Kansas and Kansas cases construing it were reviewed and found to be in harmony with our construction.

The effect of this statute was more fully explained in State v. Weinberg, 245 Mo. 564, 575, 150 S.W. 1069, 1072, as follows: "What questions are necessary for the information of the jury and upon which a failure to instruct will be a good cause for a new trial, and what are questions upon which an instruction may properly be given but which a failure to give will not entitle the defendant to a new trial unless proper instructions are requested, has not been definitely pointed out by this court. Indeed, it might be difficult to make such a distinction as would be applicable in all cases and inadvisable to attempt it. That such a distinction does exist is made clear in a number of decisions of this court. These cases are ably reviewed by Ferriss, J., in the case of State v. Starr, 244 Mo. 161, 148 S.W. 862. From a consideration of these cases, we think it may be safely said that instructions presenting the facts constitutive of the offense charged or of any grade thereof shown by the testimony, the punishment authorized to be inflicted in case of a conviction, instructions upon the presumption of innocence and reasonable doubt, and good character when put in issue by the testimony, and also instructions presenting the law upon each defense interposed by the accused, are necessary for the information of the jury."

Prior to 1879, the only statute on the subject was Sec. 27, Art. VI, RS 1835, (Sec. 28, Chap. 138, RS 1845) still substantially the same in Sec. 546.380, now covered by Rule 26.09, prohibiting the court to "sum up or comment upon the evidence" but providing "the court may instruct the jury on any point of law arising in the cause." However, even with only that statute, as the above-cited cases point out, it was held it was the duty of the judge of a criminal court "to instruct the jury in all the law arising in the case." Hardy v. State, 7 Mo. 607, 609; State v. Matthews, 20 Mo. 55, 57. In the Matthews case, the court said: "It was the duty of the court to instruct the jury as to the law of the case. The instructions asked by the defendant's counsel may have been objectionable in their phraseology, but the court should not, therefore, have neglected to give such as the law of the case required." Other cases to the same effect prior to the 1879 statute are State v. Jones, 61 Mo. 232, 236, and State v. Stonum, 62 Mo. 596, 597; State v. Branstetter, 65 Mo. 149, 155, all of which cited State v. Matthews, supra. In the Branstetter case, the trial court did not instruct on manslaughter and this court said: "The court of its own motion gave several instructions, defining murder in both degrees, and we think it should have defined all of the crimes to which the evidence was applicable."

In State v. Kilgore, 70 Mo. 546, 558, decided in 1879, the ruling in the Branstetter case was noted, but it was held not to require the court to give an instruction that certain declarations were only admissible for the purpose of impeachment, when defendant had not requested such an instruction. This court said: "As to collateral matters, it is for the respective parties to ask such instructions as they may be entitled to." However, it also said if an objectionable instruction had been asked and refused "the court should have given a proper instruction on the subject." The Kilgore case was followed in State v. Brooks, 92 Mo. 542, 588, 5 S.W. 257, 330, by holding an instruction concerning an extra-judicial confession to be a collateral matter; but Judge Sherwood dissented pointing out the adoption of the 1879 statute (now 546.070)

and contending that both the statute and the cases above mentioned required the court to give an instruction on the law in relation to extra-judicial confessions. In State v McNamara, 100 Mo. 100, 106, 13 S. W. 938, 944, the defendant requested an instruction on good character (not at that time included in the statutory requirement) which this court held to be erroneous and which the trial court had refused. Defendant contended it was the duty of the court to give a correct instruction on the subject. This court said evidence of good character is to be treated as any other evidence of fact in the case and held: "The law requiring the court to declare the law applicable to the case, whether proper instructions are asked for or not, does not comprehend such merely collateral matter." Judge Sherwood again dissented, saying: "[I]t was the plain duty of the trial court, an improper instruction having been asked, to have given a proper one on that subject," citing State v. Matthews and other cases following it, which actually concerned the duty of the court to instruct on the law of the case.

The above cases were by the whole court before the constitutional amendment of 1890 providing for divisions. Thereafter Judge Sherwood, writing the opinion for Division Two in State v. Clark, 147 Mo. 20, 47 S.W. 886, 891, noting the 1895 amendment of the statute to include reasonable doubt as one of the required subjects for instructions, held failure to define reasonable doubt reversible error. However, after stating the statutory requirement, as a ground for reversal, he further stated: "But another reason exists why an instruction should have been given on the subject of reasonable doubt, and this aside from the statutory provisions before noted; and that is defendant asked an instruction on that subject, which, though faulty, furnished the proper foundation for a correct instruction on the subject, and excepted to its being refused. This being the case it constituted reversible error for the trial court to refuse, upon that footing, to give the prop-

er instruction. This has been the law in this State for a great many years, as witness the following cases: State v. Matthews, 20 Mo. 55; State v. Jones, 61 Mo. 232; State v. Kilgore, 70 Mo. 546; State v. Lowe, 93 Mo. 547, 5 S.W. 889; State v. Hickam, 95 Mo. 332, 8 S.W. 252. In the face of all these authorities, the State v. McNamara, supra, announces a contrary doctrine, but it should not be followed."

As we have noted the first two cases cited by Judge Sherwood considered only instructions on the law of the case but the Kilgore case did state a duty to properly instruct on collateral matters if an instruction was asked even though objectionable. (This was not necessary to the decision since no instruction had been asked.) State v. Lowe, 93 Mo. 547, 5 S.W. 889, 895, an opinion of the whole court by Sherwood, held, as to a requested instruction on a collateral matter concerning insanity, that "if the instruction was not properly worded, it was the duty of the court, under our practice, to give a correct instruction on the point." In the Hickam case, 95 Mo. 322, 8 S.W. 252, the court held a proper instruction should have been given on the issue of whether three other defendants (jointly charged with the defendant who shot another) aided and abetted in the crime of assault with intent to kill. Judge Sherwood's views are stated in his book Commentaries on the Criminal Law of Missouri (page 816), published in 1907, as follows: "Equally well settled, as a matter of practice, it is that even if a defendant fails to ask the proper instruction, but 'makes an effort towards it,' it will thereupon, become the duty of the trial court to give the proper instruction. This has been the law in this State ever since State v. Matthews, 20 Mo. 55, till McNamara's case came on the scene. But that case did not last for long." (Author's italics.)

As to the court's duty, when an instruction was requested, Judge Sherwood apparently made no distinction between collateral matters and the law of the case. In any event, his views expressed in the Clark

case thereafter prevailed in Division Two, which then decided all criminal cases, and it became the established rule that, even as to a collateral matter, if the defendant offered an erroneous instruction, it was the duty of the court to give a good one on the subject. In State v. Reed, 154 Mo. 122, 128, 55 S.W. 278, 280, (opinion by Sherwood) where an instruction on the defendant's right to eject a person from his place of business, asked in connection with the defense of justifiable homicide, was faulty, it was said: "The right to have correct instructions given when incorrect ones are asked by the defense, was the settled law of this court for many years, never mooted, doubted or denied until [State v. McNamara] came up here, (100 Mo. 100, 13 S.W. 938), now expressly and happily overruled in State v. Clark, 147 Mo. loc. cit. 38, 47 S.W. loc. cit. 891, and cases cited." In State v. Moore, 160 Mo. 443, 61 S.W. 199, (also by Sherwood) this rule was applied to an instruction on voluntariness of a confession. In State v. Hendricks, 172 Mo. 654, 668, 73 S.W. 194 (after Sherwood had left the court) an instruction, that repetitions of statements claimed to have been made by the defendants out of court should be considered with great caution, was held properly refused. Nevertheless, this was held to be a proper subject for an instruction and it was held error to fail to give a good one, saying, "The court in this cause, upon its refusal of the instruction offered by defendants, should have given a correct one." In State v. Barton, 214 Mo. 316, 323, 113 S.W. 1111, 1113, a circumstantial evidence instruction was requested. The court said: "The instruction is not a model by any means, but the principle having been expressly invoked by the defendant, the circuit court should have given a correct instruction on this point. State v. Clark, 147 Mo. 20, 47 S.W. 886; State v. Taylor, 118 Mo. 153, 24 S.W. 449. The defendant was convicted of a felony upon circumstantial evidence alone, and we think that the refusal to give this instruction to which he was clearly entitled constituted reversible error."

Thereafter, the whole matter was thoroughly reviewed in State v. Starr, 244 Mo. 161, 176, 181, 148 S.W. 862, 867, in which it was said: "Consideration of the foregoing decisions, and others of similar import, discussion of which want of space forbids, shows that from 1842 this court has preserved a clear distinction between questions arising upon the issues, which may be termed essential questions, and those collateral merely. The earlier cases, in which no mention is made of collateral questions, and which say that the court must instruct on the law of the case, relate to essential questions. * * * The propositions established by the decisions are that it is the duty of the court, whether requested or not, to instruct on essential questions, so as to properly advise the jury of the issues in the case; that on collateral questions, it is not the duty of the court to instruct unless the defendant offers an instruction embodying the principle contended for; and, if the instruction as offered is not correct in form, the court should frame and give one in proper form. * * * We now hold that as to collateral questions the parties must formulate and ask such instructions as they may be entitled to, and such instructions should embody the principle for which they contend. If improperly framed, the trial court should correctly reframe them, if the principle embodied is applicable to the facts."

There seem to be two later cases stating a contrary view and these were analyzed in the Divisional opinion, as follows: "State v. Sanders, 1928, Mo.Sup., 4 S.W.2d 813, 816 [9, 10], held: 'As to a collateral matter, it is necessary for defendant to request a correct instruction on the matter involved before he may complain.' In support of that statement were cited three cases: State v. Starr, 244 Mo. 161, 148 S.W. 862; State v. Broaddus, 315 Mo. 1279, 289 S.W. 792; and State v. Murray, 316 Mo. 31, 292 S.W. 434. An examination of those three cases discloses that they do not support the quoted assertion from the Sanders case. The Starr case, supra, holds exactly to the contrary,

\* \* \* (quoting language hereinabove set out) \* \* \*. State v. Broaddus, supra, also holds exactly contrary to the Sanders case, as evidenced by this language at 289 S.W. 795, where, in referring to instructions on collateral questions, the court said: 'If improperly framed the court should reframe them.' And State v. Murray, supra, held that the trial court was not required to instruct on purely collateral matters unless requested to do so.

"In State v. Lee, Mo.1950, 233 S.W.2d 666, 668, the court held that the defendant in a criminal case could not complain if his only request for an instruction on a collateral matter was oral; that he must request a written instruction which he had formulated and submitted. While that was the only necessary holding to dispose of the relevant question presented in the Lee case, the court added by way of dictum, 233 S.W. 2d 668 [4, 5]: 'We have repeatedly held that the court does not have to give instructions on collateral matter unless the defendant tenders a correct instruction on the matter involved.' The only case cited to support that statement was State v. Sanders, supra, which, as noted, was not supported by the authorities it had cited on the proposition in question."

In the period between these two cases, the following cases followed the rule stated in State v. Starr, supra, State v. Warren, 326 Mo. 843, 33 S.W.2d 125, 128 (effect of impeaching evidence); State v. Lawrence, Mo.Sup., 71 S.W.2d 740, 744 (alibi); State v. Gibilterra, 342 Mo. 577, 116 S.W.2d 88, 95 (voluntariness of confession); State v. Aitkens, 352 Mo. 746, 179 S.W.2d 84, 90 (voluntariness of confession); State v. Burnett, 354 Mo. 45, 188 S.W.2d 51, 54 (right to eject trespasser). Apparently the most recent case considering this matter is State v. Bounds, Mo.Sup., 305 S.W.2d 487, 491, in which the judgment was reversed for failure to give a proper instruction on the subject of threats. In that case the defendant had offered an instruction, which was considered to be incorrect. This court pointed out "cases on other subjects, unlawful arrest, voluntary or involuntary confessions, the effect of evidence impeaching a witness, statements of the deceased, an intruder in one's place of business and alibi, in which it was held that it was the duty of the trial court to give correct instructions on the enumerated subjects even though the instructions offered by the defendants were erroneous." Our conclusion is that State v. Starr, supra (244 Mo. loc. cit. 181, 148 S.W. 862) states a correct and firmly established rule which should be followed and that State v. Sanders, supra, and State v. Lee, supra, insofar as they indicate a different rule should be overruled.

This does not mean that the court must rewrite and give an instruction on every proposition on which the defendant offers an incorrect instruction. It is well settled that "defendants are required to tender a correct converse instruction before they can complain of its refusal (State v. Layton, 332 Mo. 216, 225 [14], 58 S.W.2d 454, 458 [14] (citing cases); State v. Tucker, 333 Mo. 171, 177 [5], 62 S.W.2d 453, 455 [5]; State v. Buckner, Mo.Sup., 80 S.W.2d 167, 169 [8, 9])." State v. Hicks, 353 Mo. 950, 185 S.W.2d 650, 653; see also State v. Van Horn, Mo.Sup., 288 S.W.2d 919; State v. Bradley, 361 Mo. 267, 234 S.W.2d 556, 562, and cases cited. Likewise giving purely cautionary instructions, which may be discretionary with the court, should require the offer of a correct instruction; and, of course, the court is not required to give instructions on subjects that are properly covered by other instructions given. State v. Chick, 282 Mo. 51, 72, 221 S.W. 10; State v. Stuart, 316 Mo. 150, 289 S.W. 822, 824; State v. Crow, 346 Mo. 306, 141 S.W. 2d 66, 72. However, on the subjects set out in State v. Bounds, supra, (305 S.W.2d loc. cit. 491) and other cases herein cited and similar subjects, the principles of which are applicable to the facts shown by the evidence in the case and to the charges being tried, we hold that it is the duty of the trial court to give a correct instruction if an instruction on the subject is offered by defendant even though the offered instruction is erroneous.

Not only do we find this to be the rule established by the overwhelming weight of our decisions but we also believe it to be a reasonable rule. Under our 1879 statute [Sec. 546.070(4), Rule 26.02], as it has always been construed, the trial court must instruct fully on the law of the main issue (whether defendant is guilty or not guilty of the offense charged) which requires instructions on the essential elements of the charge and defense, as stated in State v. Weinberg, supra, 245 Mo. loc. cit. 575, 150 S.W. loc. cit. 1072. As to any question collateral to the main issue, it is reasonable and logical to require submission of an instruction on the subject by counsel for defendant who has prepared and conducted the defense. Otherwise, too great a burden would be placed on the trial judge by requiring him to try to think of all possible collateral issues and prepare instructions on them. The duty rests on counsel for the defendant to aid and not ambush the court. See State v. Conway, supra, 241 Mo. loc. cit. 288, 145 S.W. loc. cit. 447. Therefore, counsel should be required to call to the attention of the court any collateral question considered to be of importance to the defense by offering an instruction covering it. However, once the question is thus called to the court's attention, it is imposing no undue burden on the court to give the instruction on it as requested or if not correctly stated to modify the instruction to correctly submit the question. Fairness to the defendant, who may not be able to employ counsel of his own choice, would seem to require the court to do this. However, the defendant should not be permitted to take advantage of the trial judge by making no request that the jury be instructed on a collateral issue, thereby concealing any interest in it, and thereafter seeking to profit by raising on appeal the court's failure to give an instruction on such a question. Undoubtedly these are the considerations upon which the established rule is based and we believe them to be sound.

, We also adopt the following conclusions from the Divisional opinion: "Defendants contend that the error noted entitles both of them to a new trial, while the state suggests 'that neither appellant was prejudiced and certainly not appellant Metcalf since the witness, Faulkner, testified that he had spent the entire morning with Metcalf the period when Chaney purportedly received the money from Marceline Robinson,' and because the witness Faulkner testified that he had given Metcalf the $5 which was in Metcalf's possession at the time of his arrest. If we understand the purport of the argument, we think it is without merit. The prejudicial effect of the testimony in question as to Chaney is obvious, and it seems to us also apparent that inasmuch as the defendants were jointly tried and the state's evidence showed they jointly committed the robbery, and inasmuch as defendants' testimony tended to prove that Metcalf and Chaney were either together or in the same vicinity away from the place of the robbery at the time it was committed, any testimony prejudicial to Chaney, i. e., which would tend to cause the jury to find Chaney guilty, was necessarily also prejudicial to Metcalf. And, in any event, Metcalf was certainly entitled to an instruction limiting the effect of Marceline's testimony as to him."

Therefore, the judgment of conviction is reversed as to each defendant and the cases are remanded for a new trial.

WESTHUES and HOLLINGSWORTH, JJ., concur.

STORCKMAN, J., concurs in result in separate opinion filed.

DALTON, J., concurs in result.

EAGER, J., dissents in separate opinion filed.

LEEDY, J., dissents.

STORCKMAN, Judge (concurring in result).

I regret that I cannot agree with the rationale of the majority opinion which ratifies and confirms a category of instructions

for which I can find no authority in § 546.070(4), RSMo 1959, V.A.M.S. and S. Ct. Rule 26.02(6). With respect to this group or class of instructions, the majority opinion states "it became the established rule that, even as to a collateral matter, if the defendant offered an erroneous instruction, it was the duty of the court to give a good one on the subject." Later in the opinion further modifications and exceptions are noted. I would not recognize such a rule. I can see no reason nor justification for adding this category to the class or classes comprehended by the statute. I think the statutory standards are sufficient, more trustworthy and more easily applied.

Section 546.070(4) provides: "Whether requested or not, the court must instruct the jury in writing upon *all questions of law arising in the case which are necessary for their information in giving their verdict*; which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt; and a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial". Italics added.

Supreme Court Rule 26.02 varies somewhat in verbiage but seems to be to the same legal effect as the statute. If there is any difference, I think the statute would control since the grant of a new trial is required for failure to instruct in accordance with the mandate of the statute. In my opinion, this is a substantive right which the court has no authority to change by rules of practice and procedure. Art. V, § 5, Constitution of Missouri, V.A.M.S.

Either the instruction in a felony case involves questions of law with reference to which it is necessary to inform the jury in arriving at its verdict or it does not. If it does, then under § 546.070(4) the trial court must give a proper instruction whether requested or not; the statute is mandatory. If it does not, then § 546.380 controls and the duty is, or should be, upon the defend-

ant to request an instruction in proper form before he can claim error. The giving of such an instruction would be discretionary or nonmandatory. I can see no sound reason for making the right to an instruction depend upon the happenstance of a defendant submitting a written request although erroneous.

My views regarding the categories are in general accord with those stated by Judge Ellison in State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 317–318, which is cited and quoted from in the majority opinion. For convenient reference the statement is:

"Our statutes divide the instructions in a criminal case into two general classes. The first includes those which Sec. 4070(4) [§ 546.070(4)] mandatorily requires the court to give whether requested or not, 'upon all questions of law arising in the case which are necessary for their (the jury's) information in giving their verdict; which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt.' It is held these instructions must cover ' "all the essential elements of an offense embraced within the charge," ' or, as put another way, they must declare the law ' "applicable to every crime, or grade of crime, of which, under the evidence, the jury might convict the accused." ' Instructions not belonging in that class, such as instructions on evidence and procedure, are called 'collateral,' and fall in the second class. As to them, Sec. 4083 [§ 546.380] provides 'the court *may* instruct the jury in writing on any point of law arising in the cause.' But the defendant must request or tender instructions of that class, save exceptions and preserve the point in his motion for new trial."

The term "law of the case" had acquired a technical meaning by court decisions prior to the first enactment of the statute in 1879. It appears to have been carried over and applied in lieu of or as a convenient expression of the longer and more inclusive statutory provision.

Perhaps the earliest case and the one most relied upon for the use of the term "law of the case" in a criminal prosecution is State v. Matthews, 20 Mo. 55, 57. In that case no instructions whatever were given and the court held: "It was the duty of the court to instruct the jury as to the law of the case. The instructions asked by the defendant's counsel may have been objectionable in their phraseology, but the court should not, therefore, have neglected to give such as the law of the case required." In Hardy v. State, 7 Mo. 607, 609, the trial judge had given the jury a law book and advised them orally that they were the judges of the law and fact. Holding this to be error was the occasion for the supreme court to make this statement, apparently intending it to apply to civil cases as well: "It is the duty of the judge of a criminal court, as well as of all other courts of record, to instruct the jury in all the law arising in the case, * * *."

There is no reason to suppose that the general assembly intended to do no more than enact the common law when it adopted what has become § 546.070(4). The language of the statute is broader than the common-law definition of "the law of the case".

Likewise, there is no statutory basis for the term "collateral" instructions. This class should include everything that is not mandatory. Using these judicially created terms is like taking the long way around. They in turn have to be defined. Application of the statutory term directly to the problem would tend to simplification.

My research on the problem is not as extensive as I would like but all that time permits. Nevertheless, I am convinced that the approach to which the court is committed is unsound in that it virtually constitutes an abandonment of the mandate of the statute. If the legal question is one as to which it is necessary to inform the jury, I think it is fundamentally unsound to make the defendant's right to it depend upon whether his counsel has presented a written request. The statutory mandate is there whether a request is made or not. If it is not within the mandate of the statute, then the defendant should be required to present a proper instruction before he can complain.

The majority opinion does not deal with them, but it casts doubt upon the cases generally holding that a rule of evidence is a collateral matter as to which the court is not required to instruct. In State v. Miller, Mo., 292 S.W. 440, 441 [4–6], decided in 1927, the court stated: "It is further complained that the court erred in failing to instruct the jury that the fact of defendant's previous conviction and sentence to the penitentiary should be considered by the jury only as affecting the credibility of the witness, and should not be considered in determining whether he was guilty of the offense charged. The defendant likewise asked no instruction upon that proposition. It is purely a collateral matter. The court, whether requested or not, is required to instruct on all the law of the case, which is defined to mean all the essential elements of the offense embraced within the charge. State v. Lackey, 230 Mo. [707] 720, 132 S.W. 602. This relates to the purpose of certain evidence. We have held that a rule of evidence is a matter collateral, and not an essential element of the offense. State v. Murray (No. 27357) [316 Mo. 31] 292 S.W. 434, not yet [officially] reported; State v. Davis, Mo.Sup., 267 S.W. 838, loc. cit. 841."

In State v. Gatlin, 1902, 170 Mo. 354, 70 S.W. 885, 891 [12], the court stated: "Concerning the admission in evidence of Crite's testimony as taken and written down before the coroner, there was no error in this, as the evidence was entirely competent wherewithal to impeach Crite, who was defendant's witness; and, if defendant wanted that testimony limited to such purpose, an instruction should have been asked, and an exception saved in case of refusal. State v. McMullen [McMullin] (decided at present term) [170 Mo. 608] 71 S.W. 221." This appears to be the precise subject mat-

ter involved in the present case. See further the Missouri Digest, Criminal Law, instructions as to evidence in general, and more particularly ☞824(8), instructions as to purpose and effect of evidence. See also State v. Douglas, 258 Mo. 281, 167 S.W. 552, 554 [3].

I see no merit in a legal principle which requires the trial court to give a correct instruction on a so-called collateral matter simply because defense counsel has requested an improper one. It is not based on the controlling statute and is subject to abuse. If the subject matter of the instruction offered is of such importance that the court must redraft and give one in correct form, then it seems to me that it is a matter necessary for the information of the jury within the meaning of the statute and that the court should be required to instruct on it whether a written request is made or not.

Nor do I think that instructions can be put into mandatory or nonmandatory classes without regard to the circumstances of the case in which it is offered. The circumstances may be such as to make it necessary to limit the effect of evidence in one case and not in another.

This case presents an opportunity to simplify the instruction practice in felony cases by adhering to the language of the statute which has been stabilized for a number of years. The majority opinion is a scholarly analysis of prior statutes and decisions, but it falls short of relieving the confused and difficult situation which must confront a trial court and counsel in preparing instructions in a felony case. I make no pretense that this opinion solves the problem, but I believe it points the direction.

The statutory term "all questions of law arising in the case which are necessary" for the information of the jury should be given a liberal construction in order to effectuate its intent and purpose. Some of the present difficulty seems to arise from continued adherence to common-law rules and definitions developed before the stat-

ute was enacted. When the statutory provision has been resorted to, its meaning has often been constricted and construed too narrowly.

The majority opinion says that our statute was taken almost verbatim from the Kansas laws and that State v. Conway, 241 Mo. 271, 145 S.W. 441, reviewed the Kansas cases construing it and found them to be in harmony with our construction. As I understand the Conway case, the Kansas decisions held it necessary to instruct only on the offense charged and that the defendant must make a request, even though erroneous, on degrees thereof and included offenses. Conway, in part, quotes from State v. Winters, 81 Kan. 414, 105 P. 516, as follows (241 Mo. loc. cit. 288, 145 S.W. loc. cit. 447): "From all the decisions noted it may be concluded that the statute means what it says and should be followed, but that a duty rests on counsel for the defendant to aid, and not to ambush, the court, and consequently instructions should be requested *covering all lesser degrees or lesser crimes involved in the main charge which the defendant desires to be considered.*" Italics added. Our decisions hold instructions on these subjects to be mandatory under the statute when supported by the evidence. See State v. Weinberg, 245 Mo. 564, 575, 150 S.W. 1069; State v. Enochs, 339 Mo. 953, 98 S.W.2d 685, 687; and State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 317. But if we were in complete harmony with the Kansas courts, I would feel no justification in following a practice which I consider to be unsound, needlessly complicated, and out of keeping with the intent and purpose of the statute.

Section 546.070(4) and our own Rule 26.02(6) seem quite clear and sufficient for application to a given case. But the decisions have injected such standards as "main issue", "law of the case", "collateral issues", and subdivisions of these terms in lieu of the language of the statute and rule. Most of the cases are devoted to defining these terms instead of applying directly the statute and our rule to the circumstances of the

particular case. I do not think we can or should try to classify each type of instruction in advance as being necessary or not necessary under the statute. There are certain kinds of instructions which all could readily agree are necessary but beyond that it would depend on the circumstances of each case. As stated in State v. Weinberg, 245 Mo. 564, 575, 150 S.W. 1069, 1072: "Indeed, it might be difficult to make such a distinction as would be applicable in all cases and inadvisable to attempt it."

The majority opinion states that the court need not rewrite and give an instruction on every proposition on which the defendant offers an incorrect instruction, but goes on to say that once counsel has called the court's attention to a "collateral question considered to be of importance to the defense by offering an instruction covering it", no undue burden is imposed on the court to give the instruction or to modify it so as to correctly submit the question. This seems to add to rather than to reduce the confused situation. I do not think that clarification can be achieved by this approach. Nor do I think it makes any difference whether the counsel is court-appointed or otherwise. The excellence of the representation in this case demonstrates this concern to be needless. The statute and our rule provide a standard which is conducive to a fair trial and which is equally fair to all.

To me the Foster case (197 S.W.2d 313, 317) correctly interprets the two statutes applicable to criminal cases,—§§ 546.070 (4) and 546.380. As to the first, an instruction is required whether requested or not. As to the latter category (whatever is included therein) I think the defendant should offer a correct instruction before he can complain.

It might be well to disregard a great deal that has been said in defining "the law of the case" and "collateral" legal questions and instead use the language of the statute as the standard for determining the respective areas of mandatory and nonmandatory

instructions. The inquiry would then be: Does the given situation involve "a question of law arising in the case" which is necessary for the information of the jury in giving its verdict?

Applying this test, I would say the one before us is such a question and that it was mandatory in the circumstances of this case for the trial court to give a proper instruction whether requested or not.

Furthermore, I am not convinced that the instruction offered should have been refused because it is repetitious. It has that drawback, but I think the jury would not have been misled or confused by it but would have correctly understood its purpose.

For the reasons given, I concur in the result.

EAGER, Judge (dissenting).

While I agree with the analysis of our prior cases as made in the principal opinion, I believe that the rule reaffirmed therein is causing and will cause much uncertainty in the trials of criminal cases, and that it puts the burden in the wrong place. The complexity of the situation is shown by the various classifications discussed in the principal opinion. I do not believe in changing the law for the sake of change or to demonstrate some phase of advanced thinking, but I do conceive it to be our duty to change a rule of nonstatutory law, procedural or substantive, when we are convinced that it is basically wrong. The various classifications as made, with very hazy delineations, can only tend to bewilder the trial judges and lawyers; I believe that the principle now reasserted does more harm to the public interest than any possible good which it may do for defendants. I would require the defendant to offer a correct instruction on all matters which he desires to have covered except those prescribed in § 546.070(4), before reversing. I have considerable doubt as to whether this tendered instruction was substantially er-

roneous, but I base this dissent upon broader grounds than that.

DALTON, Judge (concurring in result).

I concur in the result reached in the opinion of HYDE, C. J., since I am satisfied that under the particular circumstances of this case it was error for the trial court to refuse to give Instruction "C".